Administration when granted, if the next of kin are infants, should be granted durante minoritate; if beyond sea, or out of the country, duranteabsentia; and if otherwise granted, it is erroneous. *Page 168 
Where the next of kin reside in a foreign country, and cannot personally attend to take the administration themselves, they may appoint a person in whom they have confidence to take it for them; and the court ought to grant the administration to their appointee. The court have not executed the power the law gives them when they have granted letters to a person not designated in that act before the persons designated have refused, but only where they have granted letters to the proper persons. When they have granted letters to improper persons, they may repeal them, and ought to do so, at the application of the persons properly entitled. 1 Cro., 469; 6 Rep., 18. The consequence is that the letters in the present case, having been improperly granted to the defendant, to the prejudice of the next of kin in Europe, should be repealed, and granted to their appointed. H. Bl. Rep., 152. This was ordered accordingly, and an order of this Court was made for the county court to grant letters accordingly.
Quaere, if it should not have been a mandamus, for if they refuse to comply with this order, how are they to be brought under the penalty of a contempt committed towards this Court.
The court further said that they did not regard the appointment of the trustee of the sequestrated estate of the survivors, because the survivors were entitled to all the joint stock in trade until the net balance was ascertained; and as to that, the power of the (221) administrator commenced after the business of the survivors was finished; and besides, the administration would extend to such of the effects of the deceased as were not a part of the joint stock, and the survivors could have nothing to do with that, and the trustee stands only in their place.
See Carthey v. Webb, 4 N.C. 20; S. c., 6 N.C. 268.
Cited: Little v. Berry, 94 N.C. 437; Smith v. Munroe, 23 N.C. 351;Sawyer v. Dozier, 27 N.C. 104; Wallis v. Wallis, 60 N.C. 79; Williamsv. Neville, 108 N.C. 561; Boynton v. Hearth, 158 N.C. 191, 195. *Page 169