Tatjok, Cljief Justice,
 

 delivered the opinion of the Court:
 

 As the sisters of the intestate, who arc his nearest of kin, are resident beyond sea, and subjects of a hostile four,try, they are certainly disqualified from administer-
 
 *269
 
 iing on his effects. This principle may be fairly extracted from the numerous cases on this point, which, how- . ever, are so much in conduct, as not to yield any satisfactory information on the question, whether an alien enemy may bring an action as administrator. The two .cases in
 
 Cro. JSliz.
 
 142 & 683, are in direct opposition to .each other. The true rule probably is, that even an alien enemy may rightfully act as executor or administrator, if resident within the state, by the permission of the proper'authority $ but without such authorised residence, he must be subject to all the incapacities which appertain to his civil condition. For this reason it is wholly unnecessary to go into the inquiry, whether the sisters of the intestate be aliens or not; for taking them to be so, it does not weaken the claim of the Plaintiff.
 

 Considering the act of 17-15, in reference to the provision made on the same subject, by the two statutes of 31
 
 Ed.
 
 3, and 22
 
 Hen.
 
 8, it would seem, to be exercising too great a latitude of construction to pronounce, that because the nearest.of kin labor under an impediment, all the rest of ki.n shall be excluded, and the claim of a Creditor be preferred to, those for whose primary benefit the statutes were enacted. .On the contrary the true, meaning of those laws seems to be, that if administration cannot be granted to the nearest of kin, ou account of Some existing, incapacity, it shall be granted to the next after him, qualified to act, and the creditor be postponed, if any of them claim the administration within the time prescribed by law. Let administration be granted to the Plaintiff.