PeabsoN, O. J.
 

 Wo concur with his Honor in the opinion that the County Court erred in granting letters -of administration to Caroline Wallis, the widow of the intestate. As widow, she was entitled to the administration, but the Court could not grant it to her until she arrived at the age of twenty-one years, for the law presumes that before that age, she is not capable of discharging the duties of administratrix.
 

 She did not, however, on that account lose her right, and, in order to preserve it, the Court might have granted letters of administration to some other person,
 
 d/wrante minoritate^
 
 so that when she arrived at full age, the general administration could be granted to her. Or the Court might have granted the administration to such person as she should appoint;
 
 Ritchie
 
 v.
 
 McAuslin,
 
 1 Hayw. 220;
 
 Pearce
 
 v.
 
 Castrix,
 
 8 Jones 73.
 

 In'the Superior Court, his Honor decided correctly that the appointee' was entitled to the administration; but he erred in granting the administration, instead of directing
 
 ‘a,procedendo
 
 to the county court. This was d one in
 
 Pearce
 
 v.
 
 Castrix, supra,
 
 as we find by a reference to the record, although it is not set out by the reporter, and such has been the practice since the adoption of the “ Eévised Statutes.” The county court has a peculiar jurisdiction in |he probate of .wills and granting letters of administration. It is substituted for the Court of Ordinary in England. The original will is to be filed there—
 
 *80
 
 the returns are to be made there by executors and administrators, and the settlement of estates is to be made there.
 

 We presume his Honor was misled by the case of
 
 Blunt
 
 v. Moore, 1 Dev. and Bat. 10. That case was decided under the acts of 1777; Laws of North Carolina, ch. 115, sec 58, which directs the Superior Court,' in case of appeals, to grant letters of administration. That provision is omitted in the Revised Statutes, and also in the Revised Code; see ch. 46, sections 1, 2, 8, chapter 4. sec. 2, chap. 31, sec. 17, from which it is evident that the letters of administration are
 
 now
 
 to be granted by the county courts, and, in cases of appeal, after deciding who is entitled to administration, the superior court should order
 
 & procedendo.
 
 Eor the error, in, this respect, the judgment is reversed.
 

 Pee, CubiaM, Judgment reversed.