Reade, J.
 

 The statute (Rev. Code, ch. 46, ss. 2, 3,) prescribes who are entitled to letters of administration ; and these, in the order mentioned, have a
 
 right
 
 to administer. So that, if the persons named apply for letters at the proper time, they are entitled as a matter of
 
 right,
 
 unless they are “incompetent.” The court has no discretion, except what is given in the statute. An appeal in these matters lies
 
 *6
 
 from the County to the Superior Court, and thence to the Supreme Court. But the appellate Court has no more discretion than the County Court, and can determine only the
 
 rights
 
 of the parties, and issue a
 
 procedendo
 
 to the County Court.
 

 If the person having precedence under the statute does-not apply, then the next in order has the right to obtain letters. But, suppose that the person having precedence under the statute delays to apply, and that the next in order applies for and obtains them, and then that, at a subsequent term of the court, the person who originally had precedence applies to have such letters revoked,, and others granted to him, what must the court do?
 

 It is settled in the cases of
 
 Stoker
 
 v.
 
 Kendall,
 
 Bus. 242, and
 
 Wallis
 
 v.
 
 Wallis,
 
 Win. 78, that the person having precedence loses his right, not by delay, but by
 
 unreasonable delay.
 
 What delay will amount to this, is a question for the court.
 

 Let us apply the foregoing principles to the case before us: The plaintiff, as appointee of the next of kin, had precedence; but, because of the miscarriage of a letter, did not make application at December Term, 1865, the first term at which it was proper to apply. The defendant, who was next in order, did, without notice to the plaintiff, apply at that term, and obtained letters of administration. After-wards, the plaintiff gave the defendant notice that he would apply, at the next term, to have these letters revoked. At such term they were revoked, and letters were thereupon granted to the plaintiff. The defendant appealed from this order to the Superior Court, and his Honor “reversed the decision of the County Court, rendered at March Term, 1866, and affirmed' the previous appointment ot the defendant, at December Term, 1865.”
 

 In this we think that there was error. We are of opinion, that the delay to apply at December Term was not.
 
 *7
 
 under all the circumstances, unreasonable ; and therefore, that the plaintiff had not forfeited the right which he originally had. If the defendant had given notice to the plaintiff, of his purpose to apply at December Term, and thereupon the plaintiff had failed to apply, he would have lost his right, and the defendant would have been entitled to letters, and the court consequently would have had no power thereafter to revoke them.
 

 This opinion must be certified to the Superior Court, with instructions to issue a
 
 procedendo
 
 to the County Court to appoint the plaintiff.