C. A. LITTLE v. B. A. BERRY et als.

*Executors—Administrators with the Will Annexed.*

Where the executor dies, the next-of-kin, in the order named in the statute, or his appointee, is entitled to administration with the will annexed, in preference to the highest creditor.

(*Willis* v. *Willis*, 1 Wins., 78, cited and approved. *Sutton* v. *Turner*, 8 Jones, 403, overruled).

Petition for the appointment of an administrator, heard on appeal from the Clerk of the Superior Court of BURKE county, by *Avery, Judge,* at Chambers in Morganton, on July 17, 1885.

28

This was a petition to the Clerk of the Superior Court of Burke county, by C. A. Little, to be appointed *administrator de bonis non, cum testamento annexo*, of John Sudderth, deceased.

John Sudderth died on the ...... day of ...... ......, 1865, leaving a last will and testament, in which he appointed Joseph Corpening, W. J. Sudderth, and —— Sudderth executors thereof. All of the executors qualified, and took, upon themselves the burden of executing the will, but each of them died intestate, and C. A. Little was appointed administrator of Joseph Corpening, and R. J. Halliburton administrator of W. J. Sudderth. The testator left three children surviving him, to-wit, W. S. Sudderth, John R. Sudderth, and A. E. Sudderth, who intermarried with R. D. Combs, of whom A. E. Combs alone survives.

This was a contest before the Clerk, between the different claimants, for the right to administer upon the estate of John Sudderth. There was a notice served on R. D. Combs and wife, the latter of whom was the next-of-kin of the said John Sudderth, to show cause why they should not be held to have renounced their right to administer on his estate, and why the petitioner C. A. Little, as the highest creditor, should not have letters of administration issued to him. A. E. Combs and R. D. Combs appeared before the Clerk, and insisted that she, as next-of-kin, was entitled to the administration, and had the right to designate some suitable person to be appointed in her place, and accordingly did designate B. A. Berry, as a competent and suitable person to be appointed.

The Clerk, holding that the appointment of an administrator, under the circumstances of the case, was a matter within his discretion, appointed B. A. Berry, administrator *de bonis non* of John Sudderth, *cum testamento annexo*, who gave bond as required by law. From the ruling of the Clerk, C. A. Little appealed to the Judge of the district, and the cause coming on to be heard before *Avery, Judge*, at Chambers, on the 17th day of July, 1885, and being heard upon argument of counsel for all

parties to the proceeding, and the Court having by consent taken the papers in the case until the Fall Term, 1885, of the Superior Court of Burke county; and the Court being of opinion, and holding, that the Clerk erred in appointing B. A. Berry administrator as aforesaid, after finding as a conclusion of law, that Anna E. Combs had the first right to administer, as the only surviving child of said John Sudderth, and assigning as a reason for said appointment, that R. D. Combs and wife had designated said B. A. Berry, as a suitable person to administer in their stead: It was therefore considered and adjudged that the judgment of the Clerk be reversed and vacated, and that the matter be remanded to the Clerk, to the end that he may proceed to appoint an administrator of the estate of said John Sudderth. From the judgment of the Court, B. A. Berry appealed to this Court.

*Mr. C. M. Busbee,* for the plaintiff.
No counsel for the defendants.

ASHE, J. (after stating the facts). The judgment of his Honor in the Court below, reversing and vacating the judgment of the Clerk, seems to have been founded upon the ground, that the Clerk granted letters of administration *de bonis non, cum testamento annexo,* to B. A. Berry as the appointee of Combs and his wife. His Honor concedes that Combs and his wife, as next-of-kin, were entitled to the letters, but that they had no right to designate the person who should be appointed in their stead, and it was error in the Clerk to grant the letters to Berry, on the ground it was a matter within his discretion. We are informed by the pleadings in the case, that John Sudderth died in 1865, but there is nothing in the case to show when his will was proved, or when his executors were qualified, and it is therefore uncertain whether the letters testamentary were granted to his executors before the 1st of July, 1869, or not—and hence we are unable to see whether the law applicable to granting of ad-

ministration, in force before that time, applies to this case. If the letters were granted prior to that time, then by reference to the case of *Sutton* v. *Turner*, 8 Jones, 403, we find that it was held by this Court, that "The right of any person to the grant of administration upon the estate of a decedent, depends upon the statute on that subject, which applies only to the cases of persons dying intestate. Whenever the deceased has left a will, the Courts of Ordinary have a discretionary power, in the event of there being no executor named in the will, or if those nominated die, or refuse to qualify, to appoint any person to administer with the will annexed." Under this decision, the Clerk had the discretionary power to grant letters to Berry. But we confess we do not comprehend how such a construction could have been given to the statute. For the statute referred to, was Rev. Code, ch. 46, §2, which expressly provides that where there is a will, and the executor shall refuse, &c., that administration shall be granted to the widow, &c. It reads, "When any person shall die intestate, or having made a will, if the executor shall refuse to prove the same or qualify, administration shall be granted to the widow, and after her to the next-of-kin, or to both, at the discretion of the Court." The learned and pains-taking Judge who spoke for the Court in that case, could not have had the statute before him when he wrote the opinion. But even Homer would sometimes nod. If, however, the will was proved, and letters testamentary were granted after the 1st of July, 1869, then The Code, §2160, applies, by which it is provided that, "If there is no executor appointed in the will, or if at any time, by reason of death, incompetency adjudged by the Clerk of the Superior Court, renunciation actual or decreed, or removal by order of the Court, or on any other account, there is no executor qualified to act, the Clerk of the Superior Court may issue letters of administration with the will annexed, to some suitable person or persons, in the order prescribed in the chapter entitled Executors and Administrators," and the order there prescribed is: "1st. To the husband or widow. 2nd. To the next-of-kin in the order of their degree,

&c. 3rd. To the most competent creditor, &c. 4th. To any other person legally competent."

According to these provisions of The Code, R. D. Combs and his wife were clearly entitled to letters of administration *d. b. n. c. t. a.* on the estate of John Sudderth, as his next-of-kin, and, being so entitled, they had the right to decline the letters, and designate some suitable person to be appointed in their place and stead. In *Willis* v. *Willis,* 1 Winston, 78, which was a contest like this, between the widow and one of the highest creditors, for letters of administration on the decedent's estate, and they were granted to the widow; but it appearing that she was only seventeen years old, an appeal was taken to the Superior Court, and thence to this Court, where PEARSON, C. J., delivering the opinion, held that she could not be appointed until she arrived at full age, but that the Court might have granted letters of administration to some other person *durante minore œtate,* so that when she arrived at full age, the general letters of administration could be granted to her, or the Court might have granted administration to such person as she should appoint. *S. P. Richie* v. *McCouslin,* 1 Hay., 220.

But take the case either way, whether the letters were granted before or after the first of July, 1869, we think, by reference to the statutes and the decisions cited, the Clerk had the right to appoint the person designated by the next-of-kin, in preference to the largest creditor, and it can make no difference whether he should have assigned, as a reason for his judgment, that it was a matter of discretion, since he exercised it in favor of the appointee of the next-of-kin.

There is error, and the judgment of the Superior Court is therefore reversed, and that of the Clerk affirmed. Let this be certified to the Superior Court of Burke county.

Error.                    Reversed.