IN THE MATTER OF THE ADMINISTRATION OF THE ESTATE
OF SARAH ELLICK MEYERS.

*Administration—Right of Husband to Administer on Wife's
Estate—Transfer of Prior Right to Administration—Duty of
Clerk.*

1. A husband has a right to administer the estate of his deceased wife,
   whether she die intestate (*The Code*, § 1376) or leave a will with-
   out naming an executor (*The Code*, § 2166).

2. A husband having a prior right to administer, may transfer that right
   to another by appointment, or may cause another to be associated
   with him in the administration, and this right, and the power and
   duty of the Clerk to make such appointments, are not affected by
   the filing and probating in common form of a writing purporting
   to be the will of the wife, for the duties and responsibilities of the
   administrators are not changed by the fact that a will has been or
   may be probated, which will guide them in their administration
   after the payment of debts, etc.; being subject to the orders of
   the Clerk touching the administration, they must obey, and if
   guilty of misconduct, they may be removed.

35

3. Where a husband and chosen associate were appointed administrators
   of the estate of the deceased wife of the former, they should not
   have been ousted by the Clerk for the reason that at the time the
   appointment was made a writing purporting to be a will was on
   record and an issue *devisavit vel non* was pending.

By consent, upon the appeal of the respondents, Morris
Meyers and Charles A. Webb, administrators of Sarah Ellick
Meyers, from the Clerk of the Superior Court, his Honor *Arm-field, J.,* found the facts, substantially, as follows:.

"That on the 1st day of October, 1893, Mrs. Sarah Ellick
Meyers, of whom the respondent Morris Meyers was her hus-
band, died in the city of Richmond, Va.   Her domicile was
in Asheville, Buncombe County, N. C., and she had property
in Buncombe County.   On the 12th day of October, 1893,
there was presented to the Clerk of the Superior Court of Bun-
combe County by James H. Merrimon, Esq., in behalf of
persons claiming to be legatees named, a paper-writing pur-
porting to be the will of the said Sarah Ellick Meyers.   Where-
upon the Clerk, at the instance of said J. H. Merrimon, Esq.;
issued a commission under the provisions of section 2155 of
*The Code* for the examination of certain persons concerning
the execution of said paper-writing by Mrs. Sarah Ellick Mey-
ers.   Upon the return of the same, with the examination of
the said witnesses, and upon receiving and opening and read-
ing the same, the Clerk of the Court said to his deputy, one
J. McD. Whitson, "I consider the will proven.   Record and
file the same with the deposition of the witnesses," and the
same were copied into a book known as Record of Wills,
kept in said office.   On the __ day of October, 1893, at the
instance of J. H. Merrimon, Esq., representing said alleged
legatees, the Clerk of the Court issued a notice to Morris
Meyers, husband of deceased, as provided by section 1380 of
*The Code*.   On the 10th day of November, 1893, the said
Morris Meyers, in response to said notice, with the respon-
dent Charles A. Webb, made application to the Clerk of the

Superior Court for appointment as administrators of Sarah Ellick Meyers, deceased, made bond purporting to be an administrator's bond, and on said date they were qualified in said office as administrators by the Clerk of the Superior Court of Buncombe County, and general letters of administration, as in cases of intestacy, issued to them by the Clerk, whereupon they entered upon the duties of said office.

On the 13th day of November, at the instance of J. H. Merrimon, Esq., representing said alleged legatees, the Clerk, who had previously orally adjudged said will to be duly proven, signed order in the record, declaring said paper-writing to have been duly proven and ordering it to be recorded; and on the ____ day of November, 1893, also at the instance of J. H. Merrimon, Esq., he, the said Clerk, issued a notice to the respondents to show cause why their letters of administration should not be revoked, the Clerk being of the opinion that, under the circumstances, he had not the power to issue letters as in case of intestacy.

On the ____ day of _____, 1893, the respondents appeared before said Clerk in answer to said notice, and filed answer to the rule to show cause. Whereupon, the Clerk made an order revoking said letters of administration, and the respondents appealed therefrom to the Judge of this Court.

The respondents, at the time of their application for letters of administration, knew that said paper-writing alleged to be the will of Sarah Ellick Meyers was in the office of the Clerk of the Superior Court of Buncombe County, and that it, with the proof, had been recorded. At once, upon said order of November 13, 1893, being made, declaring said paper-writing to have been sufficiently proven, and ordering the same to record, the respondents as administrators, and Morris Meyers, as an individual, filed a *caveat* to said will and made the bond required by statute. Whereupon, the Clerk made up the issue set out in the answer of the respondents, and transferred the same to the civil issue docket of this

Court, where the same is now pending for trial before the Judge and a jury, and made the order required by the statute (section 2159 of *The Code*) therein."

The Court, being of opinion, upon this finding of facts and the record, that the action of the Clerk of the Superior Court of Buncombe County in issuing to the respondents the general letters of administration as in cases of intestacy was void for want of jurisdiction, affirmed the order of the Clerk revoking such appointment, to which the respondents excepted and appealed.

*Mr. James H. Merrimon,* for legatees.
*Mr. Charles A. Webb,* for appellants.

BURWELL, J.: A husband has a right to administer the estate of his deceased wife, both in the event of her death intestate (*The Code,* § 1376) and also in the event that she leaves a will, but names no one as executor.    *The Code,* § 2166.

The script which has been propounded as the will of Mrs. Sarah Ellick Meyers does not appoint anyone to execute it. Therefore, if it be found, upon the trial of the issue *devisavit vel non,* that it is the will, that cannot have the effect of depriving her husband of the right to administer the estate. Hence, while it is true that there is a contest pending, there is no controversy in regard to the right of administration. Nor can there be one.    The statutory provisions are plain. *Little* v. *Berry,* 94 N. C., 433.

It has been decided by this Court that one who has the prior right to administration may transfer that right by appointment.    *Little* v. *Berry, supra.*

If the husband could have lawfully transferred his right to administer his wife's estate to another, he may certainly cause another to be associated with him in the administration.    If it was proper to appoint the husband, it was proper to appoint the husband and his chosen associate, Webb, to be co-administrator.

From what has been said, it follows that the husband's *right* to letters of administration, and the Clerk's power and duty to appoint him and his chosen associate to be co-administrator, were not at all affected by the filing and probating in common form of the script which purported to be the will of Mrs. Meyers, for, as has been noted, that instrument named no one to administer the estate under its provisions. *Suttle* v. *Turner,* 8 Jones, 403, is overruled in *Little* v. *Berry, supra.* The duties and responsibilities of these administrators are not in any degree changed by the fact that a will has been or may be probated that will guide them in their distribution of the assets that remain after payment of debts and charges of administration. They must take notice of that. The Clerk has power to issue orders touching the administration, and they must obey. If they are guilty of misconduct, they may be removed.

But they should not have been ousted by the Clerk for the reasons set out in the petition upon which his order of removal was founded.

His Honor should have directed the Clerk to revoke his order of removal. It is so ordered.                    Error.