IN RE ESTATE OF H. A. SMITH, DECEASED.

(Filed 4 November, 1936.)

1. **Executors and Administrators A a—**

The nominee of deceased's nearest of kin will be appointed administrator, if a fit and suitable person, as against those of lesser degree of kinship, provided that no person of the same class as the next of kin renouncing the right files a personal application for appointment. C. S., 6.

2. **Same—**

Construing C. S., 20, 16, 15, together, the legislative intent is manifest that six months after the death of testator is a reasonable time within which application should be made, in proper instances, for appointment of administrator c. t. a.

3. **Same—Legatee failing to apply for appointment within six months after testator's death, waives right to be appointed administrator c. t. a.**

Where a legatee entitled to preferential appointment as administrator c. t. a., under the provisions of C. S., 22, as amended by ch. 63, Public Laws of 1923, fails to object to the appointment of the brother of testator as administrator c. t. a., but waits until after the death of the administrator appointed more than a year after testator's death before asserting

his right and renouncing in favor of a third person, the legatee has waived his right, under the statute, and his nominee is not entitled to appointment as against the nominee of the surviving sisters of testator, the legatee's right under the statute, which is not affected by the filing of a caveat, accruing at the time of the death of the testator, and not at the time of the death of the testator's brother, since his right to appointment under the statute is prior to the right of testator's brother.

4. Same—

The right of nomination and substitution is confined to those themselves qualified for appointment, and where a legatee has waived his right to be appointed administrator c. t. a. by failing to apply within a reasonable time, he also waives his right of nomination and substitution.

APPEAL by petitioner, F. H. Bailey, from *Alley, J.,* at May Term, 1936, of IREDELL. Affirmed.

This was a controversy over the appointment of an administrator *de bonis non, cum testamento annexo,* of the estate of H. A. Smith, deceased.

H. A. Smith died 16 October, 1934, leaving a last will and testament containing a bequest to James F. Brawley of a substantial portion of his estate. No executor was named in the will. There was no widow or child of the testator, but he left him surviving a brother, two sisters, and nephews and nieces. The clerk of the Superior Court appointed S. R. Smith, the brother of the testator, administrator *c. t. a.,* who, after qualifying and entering upon the administration of the estate, died in February, 1936. Thereupon, F. H. Bailey, a nephew of the deceased testator, applied for letters of administration, filing with his application a written request from James F. Brawley, legatee, that he be appointed. F. H. Bailey's sisters also joined him in this request. Shortly thereafter the two surviving sisters of the deceased filed a renunciation of their right to administer, and nominated J. L. McLain, a stranger in blood, as administrator in their stead, and in this last request other nieces and nephews joined.

Caveat to the will of H. A. Smith, on the ground of mental incapacity and undue influence, was filed in December, 1934, by a majority of the distributees of the estate, and the issue thus raised is still pending in the Superior Court of Iredell County.

The clerk found that J. L. McLain was a "fit, suitable, and proper person to be appointed administrator of said estate"; that F. H. Bailey was a resident of North Carolina and was a "capable and fit person to be appointed administrator of an estate," and adjudged that the two sisters had prior right to letters of administration, were of nearer degree of kinship to the deceased than F. H. Bailey; that James F. Brawley did not have the right to name the person to act as administrator, and that

the two sisters, the next of kin, had renounced their right to qualify in favor of J. L. McLain, and thereupon appointed said McLain administrator *d. b. n., c. t. a.,* of said estate.

Upon appeal to the judge, the order of the clerk was confirmed, and the petitioner, F. H. Bailey, appealed to this Court.

*Zeb V. Turlington for petitioner, appellant.*
*Raymer & Raymer and Grant & Grant for appellees.*

DEVIN, J. The statute authorizing clerks of the Superior Court to grant letters of administration, both in cases of intestacy and with the will annexed, prescribes the order in which persons shall be entitled to be granted letters of administration in case of intestacy and sets out the classes having priority or preferential right to the appointment: (1) The husband or widow; (2) the next of kin in the order of their degree; (3) the most competent creditor; (4) any other competent person. C. S., 6.

There is no express provision in the statute requiring the clerk to recognize the right of one belonging to a preferred class to renounce his right to qualify and at the same time nominate another for appointment in his stead, but ever since 1792 (*Rilchie v. McAuslin,* 2 N. C., 220) the courts have so interpreted the statutes and rules of procedure as to give sanction to the right of nomination and substitution, and have sustained the right of the nominee of one preferentially entitled to the appointment, when such nominee is in other respects. fit, suitable, and competent, and when the person nominating is himself competent by reason of residence, age, and capacity to act. This construction of the pertinent statutes has been uniformily applied by the courts and has become firmly embedded in the law of administration in North Carolina. *Ritchie v. McAuslin, supra; Carthey v. Webb,* 6 N. C., 268; *Smith v. Munroe,* 23 N. C., 345; *Pearce v. Castrix,* 53 N. C., 72; *Wallis v. Wallis,* 60 N. C., 78; *Hughes v. Pipkin,* 61 N. C., 4; *Litlle v. Berry,* 94 N. C., 433; *Williams v. Neville,* 108 N. C., 559; *In re Meyers,* 113 N. C., 545; *Boynton v. Heartt,* 158 N. C., 488; *In re Jones,* 177 N. C., 337; Croswell Executors and Administrators, p. 92; 4 Schouler on Wills, Executors, and Administrators, sec. 1647.

These authorities sustain the right of the clerk to appoint the person designated by those preferentially entitled as against one of lesser degree of kinship, or of lower classification under the statute. *Little v. Berry, supra.*

The rule permitting those in a preferred class to nominate the appointee, however, will not prevail against the personal application of one in the same class or equal degree of kinship. *In re Jones, supra.*

But the appellant contends that the nominee of the sisters of decedent was not entitled to the appointment for the reason that in this case there was a will, and that the right to administer is controlled by C. S., 22, as amended by chapter 63, Acts of 1923.

This statute, as amended, reads as follows: "If there is no executor appointed in the will, or if, at any time, by reason of death, . . . removal by order of the court, or on any other account, there is no executor qualified to act, the clerk of the Superior Court shall issue letters of administration with the will annexed to one or more of the legatees named in the said will; but if no legatee qualifies, then letters may be issued to some suitable person or persons in the order prescribed in this chapter."

Appellant contends that, applying the provisions of this statute, even if the renunciation of the sisters did not have the effect of leaving petitioner, F. H. Bailey, entitled as next in degree of kinship, James F. Brawley, the sole legatee under the will, was the only one in the first preferred class fixed by this statute, and that his written request for the appointment, in his stead, of F. H. Bailey, found by the clerk to be competent, should be binding on the clerk.

This view would doubtless have prevailed if the legatee had applied for letters of administration at the time of the probate of the will in common form. But he acquiesced in the appointment of another (or made no objection thereto so far as the record shows), and now, after more than a year, and after the death of the administrator c. t. a. appointed by the court, for the first time seeks to assert his priority or preferential claim. C. S., 15, provides that: "If no person entitled to administer applies for letters of administration on the estate of a decedent within six months from his death, then the clerk may, in his discretion, deem all prior rights renounced and appoint some suitable person to administer such estate."

While this statute presumably refers to the estate of intestates, C. S., 20, provides for the appointment of the public administrator "when the period of six months has elapsed from the death of any decedent and no letters testamentary or letters of administration have been applied for." And the last clause of C. S., 16, provides that a coexecutor not qualifying within thirty days after the qualification of the other executor shall lose his right.

Construing these statutes together, and keeping in mind that the chief purpose of the law is to see that some competent person shall promptly administer estates of deceased persons, it is persuasive that it was the legislative intent that six months from the death of the testator should ordinarily be regarded as a reasonable time within which to apply for letters c. t. a., and that by analogy the same rule should apply to all

estates. But, regardless of statutory provision, it has been held that unreasonable delay in qualifying would be deemed to constitute a waiver of prior right. *Hughes v. Pipkin, supra; Stoker v. Kendall,* 44 N. C., 242; *Williams v. Neville, supra; Garrison v. Cox,* 95 N. C., 353.

It is true in *In re Jones, supra* (a case of testacy, but decided prior to the Act of 1923), it was held that failure to apply in six months would not, under the circumstances of that case, prevent the appointment of one of the next of kin. There the testator devised his property to his wife for life. Some years later she died, and one of the next of kin applied for letters of administration *d. b. n., c. t. a.,* and his appointment was sustained by this Court, the six months period being held not to apply because the right of the next of kin to qualify did not accrue until the death of the widow.

But here, under the statute, C. S., 22, no executor having been named in the will, the legatee was given prior right. He could have availed himself of the provisions of the statute by applying for the appointment immediately upon the probate of the will in common form. His right to a preference under the statute accrued at that time. Having failed for more than a year to assert or claim any right under the Act of 1923, it was properly held that his request now for the appointment of another to act as administrator would not entitle his nominee to the appointment. The right to nominate is confined to those who are themselves qualified. *Boynton v. Heartt, supra.*

Nor is the appellant helped by the rule laid down in *In re Bailey,* 141 N. C., 193, that one having prior right to administer would not be deemed to have forfeited his right by not applying within six months, where no other person had been appointed before he applies; for, here, an administrator *c. t. a.* was appointed shortly after the probate of the will, and served as such for more than a year without objection from appellant. *Hill v. Alspaugh,* 72 N. C., 402; *Garrison v. Cox, supra; Withrow v. DePriest,* 119 N. C., 541; *In re Neal,* 182 N. C., 405; *Brooks v. Clement Co.,* 201 N. C., 768. "Where the next of kin are guilty of laches as to the time of making application, the county court may exercise a sound discretion in the premises." *Stoker v. Kendall, supra.*

The question as to the present right to be appointed administrator of the estate is not affected by the filing of a caveat to the will. *In re Meyers, supra.*

Affirmed.