IN RE ADMINISTRATION OF THE ESTATE OF LOUIS B. SUSKIN.

(Filed 28 September, 1938.)

**1. Executors and Administrators § 4—**

The appointment of an administrator *c. t. a. ipso facto* revokes and supersedes letters of administration theretofore issued for the estate.

**2. Appeal and Error §§ 3a, 31e—Appellant held not party aggrieved and appeal is dismissed.**

Letters of administration were issued to appellant upon affidavit of deceased's brother. Thereafter an administrator *c. t. a.* was appointed. No question of disqualification or default under C. S., 31, and no question of preferential right of nomination and substitution was involved, and no effort to impeach any acts of plaintiff as administrator was made. *Held:* The appointment of the administrator *c. t. a.* revokes the first letters of administration, and the revocation of the first letters separated plaintiff from all connection with the estate, and he is not the "party aggrieved" by the second order, C. S., 632, and no substantial right of his was thereby affected, C. S., 638, and his appeal therefrom is dismissed.

APPEAL by John Archbell Wilkinson from *Thompson, J.,* at May Term, 1938, of BEAUFORT.

The record discloses that on 11 February, 1938, the clerk of the Superior Court of Beaufort County issued general letters of administration on the estate of Louis B. Suskin, deceased, to John Archbell Wilkinson upon the affidavit of Raymond Suskin, brother of the deceased, in which it is stated "that Louis B. Suskin, late of said county, is dead, without leaving will and testament," and upon the further affidavit of Leon Suskin, nephew of the deceased, in which it is stated "that Louis B. Suskin, late of the city of Baltimore, Md., died in said city on or about 12 January, 1935, and this affiant is informed and believes that Louis B. Suskin left a last will and testament."

Thereafter, on 15 April, 1938, R. H. Hodges was appointed administrator *c. t. a.* of the estate of Louis B. Suskin, deceased, by the clerk of the Superior Court of Beaufort County, and the following notice was issued to John Archbell Wilkinson:

In re Estate of Suskin.

"Please take notice, that the will of Louis B. Suskin, deceased, has been proven and that letters testamentary are issued thereon. Wherefore the letters of administration issud on February 11, 1938, to you, John Archbell Wilkinson, as administrator of the estate of Louis B. Suskin, are revoked."

On appeal to the Superior Court, the judge approved and affirmed the order granting to R. H. Hodges letters of administration *c. t. a.* on the estate of Louis B. Suskin, deceased; and, further: "The letters purporting to be letters of administration granted to John Archbell Wilkinson are adjudged to have been improvidently granted, and are revoked." From this ruling, John Archbell Wilkinson appeals, assigning errors.

*R. E. Whitehurst and L. I. Moore for appellant.*
*J. C. B. Ehringhaus, W. B. R. Guion, and Rodman & Rodman for appellee.*

STACY, C. J. To determine whether the appointment of John Archbell Wilkinson administrator of the estate of Louis B. Suskin, deceased, was void *ab initio,* because improvidently made in a case of testacy, *Springs v. Irvin,* 28 N. C., 27, or *de facto* sufficient until revoked, *Shober v. Wheeler,* 144 N. C., 403, 57 S. E., 152, would avail but little on the present record, for, so far as the instant case is concerned, both alternatives lead to the same result. C. S., 30. See 23 C. J., 1032; Croswell's Executors and Administrators, ch. 21, p. 432. It is enough to observe that the revocation was not for disqualification or default under C. S., 31; and that no question of priority or preferential right of nomination and substitution is here involved. *In re Estate of Smith,* 210 N. C., 622, 188 S. E., 202. The granting of the second administration *ipso facto* superseded the first. 11 R. C. L., 90; Croswell's Executors and Administrators, *supra.*

Moreover, it appears that no one interested in the estate, and no one claiming a legal right to administer it, is undertaking to prosecute the present appeal. *Pratt v. Kitterell,* 15 N. C., 168. The revocation of the first letters of administration separated John Archbell Wilkinson from any connection with the estate. No effort is being made to impeach any of his acts. *Shields v. Ins. Co.,* 119 N. C., 380, 25 S. E., 951. He is not the "party aggrieved" in any legal sense, C. S., 632; and no substantial right of his has been affected by the ruling. C. S., 638; *In re Will of Hargrove,* 206 N. C., 307, 173 S. E., 577; 3 C. J., 644. The appeal is not according to the practice of the common law; and it is not contemplated by statute. *Conrad v. Button,* 28 Mich., 365; 23 C. J., 1066.

Appeal dismissed.