In re Estate of S. T. LOFLIN, Deceased.

(Filed 12 April, 1944.)

**1. Executors and Administrators § 4—**

Where a son of an intestate, who left a widow, was appointed administrator and shortly thereafter the widow filed her renunciation of prior right and requested the appointment of another, the clerk's notice to the son, already appointed, to show cause on 6 September why his appointment should not be revoked, was served on 4 September, and respondent personally appeared on 6 September and objected that the notice did not provide sufficient time, refusing an offer of continuance. *Held:* Respondent was in court and the clerk acted properly in revoking his appointment.

**2. Same—**

The appointment of one as administrator of an estate should be revoked upon renunciation of the widow, who has a prior right to administer the

estate or to nominate in her stead, and the clerk of the court has juris-
diction and should appoint on her request a fit and competent person
nominated by her.  G. S., 28-32, 28-20 (3), 28-15.

APPEAL by respondent W. H. Loflin from *Warlick, J.,* at September
Term, 1943, of RANDOLPH.    Affirmed.

This was a proceeding before the clerk for the appointment of an
administrator of the estate of S. T. Loflin.

The material facts involved in the appeal were these:  The decedent
S. T. Loflin died 24 July, 1943, leaving him surviving his widow, Mar-
garet E. Loflin, and ten children.  August 27, 1943, the clerk appointed
a son, W. H. Loflin, administrator of the estate.  September 1st the widow
filed with the clerk notice of her renunciation of her prior right to ad-
minister and requested in writing that W. B. Millikan, the Public Ad-
ministrator, be appointed administrator in her stead.    Thereupon the
clerk issued notice to W. H. Loflin to show cause on September 6th why
his appointment as administrator should not be revoked.    This notice
was served September 4th.    On September 6th the respondent W. H.
Loflin appeared specially with counsel and moved that the proceeding
be dismissed for want of service and for the further reason that the
notice did not give proper time.    The clerk found that he had been prop-
erly served and was in court, and overruled his motion.    Offer was made
to continue the hearing to another time if respondent desired further
time.    No request for extension having been made, the clerk proceeded
to hear the matter, and ruled that under the statute the widow had prior
right to administer, and that, upon her renunciation and nomination in
her stead of the Public Administrator, W. B. Millikan, who was found
to be a fit and competent person, the letters of administration theretofore
issued to respondent should be revoked, and W. B. Millikan appointed
administrator of the estate.

Respondent appealed to the judge of the Superior Court, who found
the facts to be substantially as found by the clerk, and affirmed his order.
Respondent appealed to the Supreme Court, assigning error.

*John G. Prevette for respondent, appellant.*

*J. A. Spence for petitioner, appellee.*

DEVIN, J.   The respondent appealed from the judgment below upon
the ground that the notice to him to show cause why the letters of admin-
istration previously issued to him should not be revoked did not provide
sufficient time; and further that the orders of the clerk were improperly
entered.    Neither of these grounds can avail the respondent.    If the
time fixed in the notice to show cause was too short, the notice was not

void, and was duly served. At the time designated in the notice respondent was personally present, and offer was made to him to extend the time for such period as he might desire. This offer he declined. Thus he was afforded full opportunity to be heard. *Stafford v. Gallops,* 123 N. C., 19, 31 S. E., 265; *Nall v. McConnell,* 211 N. C., 258, 190 S. E., 210.

It is apparent upon the facts found, which are not controverted, that another had prior right to administer the estate, and that the clerk acted properly in moving to revoke an appointment which had been improvidently made. Neither by lapse of time nor by any act on her part had the widow of the decedent lost any of her rights in the premises, either to administer or to nominate a fit and competent person for appointment in her stead. The rulings of the clerk and the judgment of the judge in affirmance were in accord with the well settled principles of law applicable to the settlement of estates. G. S., 28-32; G. S., 28-20 (3); G. S., 28-15; *In re Estate of Smith,* 210 N. C., 622, 188 S. E., 202; *Williams v. Neville,* 108 N. C., 559, 13 S. E., 240; *Little v. Berry,* 94 N. C., 433.

The respondent's plea to the jurisdiction is without merit. The Superior Court had jurisdiction both of the subject matter and the parties. *Murrill v. Sandlin,* 86 N. C., 54.

The judgment appealed from is
Affirmed.