G. G. HILL and others, heirs at law of A. S. GIBSON *v.* J. W. AL-
SPAUGH, Adm'r. of S. J. GIBSON.

After the expiration of six months from the death of a decedent, the
public administrator and those having a right of priority failing to
apply for letters of administration, the Probate Judge is authorized
to treat all rights of preference, as renounced, and, in the exercise of
his discretion, to appoint some suitable person to administer upon the
estate of such decedent

Special Proceeding, tried before *Kerr, J.*, at Fall Term, 1874, Guilford Superior Court.

A verbal application was made to the Probate Judge of For-sythe county by the plaintiff for an order upon the defendant to show cause why letters of administration granted to him on the estate of J. S. Gibson should not be vacated and the plaintiff appointed in his stead, as next of kin to the deceased.

Notice was served on the defendant to appear and show cause on the 8th day of August, 1874, on which day the defendant appeared and showed cause in writing.  Upon consideration of the plaintiff's application, the same was refused by the Court.  From the judgment of the Court the plaintiff appealed to the Superior Court.  As his Honor Judge Wilson

was of counsel in the cause before the Probate Judge, the case was removed by consent to Guilford county.

It was agreed as a fact found, that there had been no renunciation on the part of the next of kin, or those entitled by prior right to letters of administration, and no citation issued to them, or either of them, to show cause why they should not be deemed to have renounced. The only point presented to the Court by the record from the Probate Court, was the validity of the defendant's appointment. Notwithstanding the lack of such renunciation and citation, the defendant insisted that the fact of Hill having failed to give bond heretofore, and the lapse of time since the death of the intestate amounted to a renunciation, or rendered a renunciation and citation unnecessary. His Honor reversed the judgment of the Probate Court and gave judgment for the plaintiff, whereupon the defendant appealed.

*Dillard & Gilmer* and *Shipp & Bailey*, for appellant.
*Scales & Scales*, contra.

SETTLE, J. Isaac S. Gibson died intestate in July, 1871. His widow, who was primarily entitled to the administration of his estate, died in the early part of 1873, without having applied for letters of administration. On the 6th of October, 1873, the plaintiff, representing the next of kin, applied to the Court for letters of administration on the estate of the said Gibson, and the application was granted upon condition that the plaintiff gave bond and security as required by law.

On the 2d day of June, 1874, the plaintiff having failed to give bond as required, and no other person having applied for letters on said estate, the Court granted letters to the defendant, a large creditor, he having first proved his debt and tendered a bond with good and sufficient security for the faithful performance of his duties. The defendant did not notify the plaintiff or any of the next of kin of his intention to apply for letters of administration.

The case, settled by counsel, states that the only point presented to his Honor for consideration, was whether the appointment of the defendant was valid, notwithstanding the want of renunciation by the next of kin and the citation to them required by statute. Bat. Rev., chap. 45, secs. 6 and 8.

There is some obscurity in the statute regulating this subject, but the main purpose was to designate some one to care for and promptly administer the effects of an intestate. Preference is given to certain persons in classes, provided they assert their rights in due time. But when the period of six months has elapsed from the death of any decedent, and no letters testamentary or letters of administration or collection have been applied for and issued to any person, the public administrator shall apply for and obtain letters on the estate of such decedent. But suppose the public administrator does not come forward and do his duty, how long is the door to be kep-open for those primarily entitled to come in ?

In this case more than three years had elapsed since the death of the intestate before any one qualified as his administrator.

When the plaintiff, representing the next of kin, first delayed for two years to make application for letters, and then failed for more than eight months after the order granting him letters, to qualify by giving the proper bond, the Probate Judge, creditors and all others were authorized to conclude that there had been such unreasonable delay as to forfeit all right of preference, and to dispense with the formalities of renunciation and citation, which the plaintiff now contend, should have been observed.

We think the true intent and meaning of the statute is that the persons primarily entitled to administration shall assert their right and comply with the law within six months after the death of the intestate, and that a party interested wishing to quicken their diligence *within that time,* must do so by citation as prescribed by the statute, or if a person, not preferred, applies for administration *within six months,* he

must produce the written renunciation of the person or persons having prior right. But after the expiration of six months, should the public administrator fail to apply, the field is open to the Probate Judge to treat all rights of preference as renounced and to appoint, in the exercise of his discretion, some suitable person to administer the estate. This view is in accord with public policy, which requires the estates of decedents to be promptly administered and distributed among the persons entitled thereto.

The judgment of the Superior Court is reversed.

PER CURIAM. Judgment reversed. Case remanded.