L. D. GARRISON et al. v. JULIUS A. COX, Admr.

*Administrators—Appointment of—Bond of.*

1. The appointment as administrator of a person other than the one designated by the statute, although such person has not renounced, is not void, but such appointment may be set aside in favor of the person entitled, provided such person has not waived his right to administer, or otherwise concluded himself.

2. In such case, the only person who can complain of such appointment, is the person who is entitled to administer under the statute.

3. Where there are several persons entitled in equal degree to administer, the clerk may select such one of them as in his discretion is most fit, and issue letters to him.

4. Where persons entitled to administer do not apply for letters within six months of the death of the intestate, they are presumed to have waived their right to do so, and if the public administrator do not apply for such letters, as it is his duty to do, the clerk may appoint any fit person as administrator.

5. The appointment of an administrator is not void because his bond is not justified, but if he fails to file a good bond, upon proper notice, he may be removed for this cause.

(*Hyman* v. *Jenkins*, 5 Ired., 267; *State* v. *Kendall*, Busb., 242; *Jenkins* v. *Sapp*, 3 Jones, 510; *Atkins* v. *McCormick*, 4 Jones, 274; *Wallace* v. *Wallace*, 1 Winst., 78; *Hill* v. *Alspaugh*, 72 N. C., 402, cited and approved).

MOTION before the clerk to remove an administrator, heard on appeal by *Avery, Judge,* at Spring Term, 1885, of BURKE Superior Court.

It appears that Wesley Cox died·in the county of Burke, in the month of September, 1883, leaving a widow surviving him, and likewise numerous children, most, or all of them, it seems, of the age of twenty-one years. The widow did not apply for letters of administration on the estate of the intestate.

In November, 1884, neither the public administrator, nor any other person having applied for such letters, the defend-

23

ant, one of the intestate's sons, was appointed administrator of his estate, but the widow had not at the time of such appointment, renounced her right to be appointed administratrix, in that behalf, nor had any citation issued to her to show cause why she should not be deemed to have renounced. She had afterwards, in the course of this proceeding, filed her written renouncement, and her approval of the appointment of the defendant, with the Clerk. No notice was given to the next of kin of such appointment. The defendant gave bond with sureties, as required by law, as such administrator, except that it was not justified.

On the 12th of December, 1884, the plaintiff began this proceeding before the Clerk of the Superior Court of the county mentioned above, in the exercise of his jurisdictional functions, to revoke the letters of administration granted to the defendant, and the order appointing him administrator, as having been improvidently granted and made, upon the ground that the widow had not renounced her right to administer, nor had any citation been issued to her or the next of kin, to show cause why they should not be deemed to have renounced; that the bond of the defendant had not been justified as required by law, and is not now, although the defendant has a special proceeding pending to sell the land of the intestate to make assets to pay debts.

At the hearing before the clerk, he made an order dismissing the proceeding, from which the plaintiffs appealed to the Judge of the Superior Court, who affirmed the order of the clerk, and from this order of affirmation, the plaintiffs appealed to this Court.

*Mr. E. C. Smith,* for the plaintiffs.
*Mr. S. J. Erwin* filed a brief for the defendant.

MERRIMON, J. (after stating the facts). The chief purpose of the law in cases like this, is to have the estate of the intes-

tate duly administered by a competent person. The statute (*The Code*, §1376), however, provides that the husband or the widow, and certain other classes of interested persons, shall have the right, first in the order prescribed, to apply for and receive letters of administration, but if for any cause they do not, any competent person may. It is not essential that a person of a class in the order prescribed shall administer. Hence, an appointment, though the person appointed may not be of such classes, would not be void, although the appointee would, in such case, be subject to have his letters of administration revoked, and his appointment set aside, in favor of the person entitled, if the latter had not, in some way, waived his right, or otherwise concluded himself. The appointment is not void because the proper person was not the appointee. *Hyman* v. *Jenkins*, 5 Ire., 267; *State* v. *Kendall*, Bus., 242; *Jenkins* v. *Sapp*, 3 Jones, 510; *Atkins* v. *McCormick*, 4 Jones, 274; *Wallis* v. *Wallis*, Winst., 78.

In this case, the widow of the intestate, had the right, if she were in all respects qualified, first in order, to be appointed administratrix. But she did not at any time apply to be appointed, nor did she, nor does she now, complain of the appointment made; on the contrary, after this proceeding was begun, she filed with the clerk her written renunciation of her right, and this appears as a fact. She alone could complain that the clerk had failed to appoint her, and she is now concluded. As said above, the fact that the defendant was appointed before she renounced her right, did not make his appointment void. Indeed, if it had been made at once, after the death of the testator, it would not on that account have been void. In that case, the widow, and she alone, might have applied to have the letters revoked, on the ground that her right had been prejudiced. It was not essential that she should be appointed, and she might forego and waive her right; and also, the next class of persons in the order of right to be appointed, and the third class in such order,

might likewise waive their rights respectively. So that, the objection that the widow was not appointed, is without foundation.

The defendant was of the next of kin, of the degree entitled to apply for letters of administration. He was therefore eligible to be appointed, as were also the others of the next of kin of a like degree with him. The clerk had authority to appoint him—to select him from among the others. The statute, (*The Code*, §1376), expressly provides that where the next of kin are of equal degree, the clerk may appoint one or more of them, *in his discretion*. He ought, of course, to appoint the one best qualified, but if he selects one fit and competent, his exercise of discretion is not reviewable. The right of the plaintiff to be appointed was not absolute. *Atkins* v. *McCormick, supra*. They cannot, therefore, be heard to complain that the defendant, as to them, was not eligible, and not entitled to be appointed.

But if this were not so, the appointment of the defendant was authorized, regular, and valid upon another ground. More than six months had elapsed next after the death of the intestate before his appointment was made, and as those who were entitled to apply for letters of administration, failed to do so within that time, they were properly treated as having waived or abandoned their right to have letters granted to them; and as the public administrator failed to apply for letters of administration, as he ought to have done, the clerk was authorized to appoint any fit and competent person to administer the estate. This seems to be implied from the statute, (*The Code*, §1394), which authorizes the public administrator to apply for letters of administration on the estates of intestates, when no such letters have been granted within six months next after their deaths respectively. This Court so held in *Hill* v. *Alspaugh*, 72 N. C., 402. And it had been repeatedly held, before the present statute was enacted, that persons entitled under former statutes to be appointed admin-

trators of estates of intestates, waived or lost their rights by failing to apply for letters within a reasonable time. *State* v. *Kendall, supra; Jenkins* v. *Sapp, supra.*

The appointment of the defendant was not void, simply because his bond as administrator was not justified, nor was it necessarily voidable on that account. It may be, that it was good and solvent. The clerk may, at the suggestion of the plaintiffs, or any person, or *ex mero motu*, require him yet to justify it, and he ought to do so. If the defendant cannot justify it, or cannot make it good, or give an additional satisfactory one, he might, for that cause, upon proper notice, be removed by the clerk, and he might appoint another administrator instead of the present one. The provision of the statute requiring the bonds of administrators and collectors to be justified, should be carefully observed by Clerks of the Superior Courts in the exercise of their jurisdictional functions, but obviously it is directory and not essential to the appointment of the administrator or collector, and the failure to justify the bond, does not render the appointment void. Nor does the fact that the defendant is applying for license to sell the real estate of his intestate to make assets to pay debts, affect the matter of this proceeding. If the defendant's present bond is not sufficient, he may be required to give another bond for double the value of the real estate he asks permission to sell, as allowed by the statute, *The Code*, §1388.

The Judge properly affirmed the order of the clerk dismissing the proceeding, and his order must be affirmed.

No error.                                    Affirmed.