PERMELIA WITHROW v. GEORGE W. DEPRIEST.

*Administrator—Appointment of Administrator—Right of Administration.*

If the parties who have precedence in the right of administration on the estate of a decedent, under Section 1376 of *The Code*, fail to apply within six months from the death of the decedent, as required by Section 1394, an appointment, by the clerk, of a proper person after that period will not be revoked.

PETITION, filed by Permelia Withrow to remove George W. DePriest as administrator of John C. Withrow.

Upon investigation the following facts were found by the clerk of the superior court :

WITHROW v. DEPRIEST.

" I. That John C. Withrow died on the second or third day of June, 1895.

" II. That Permelia Withrow is his widow and Minnie Withrow his only child, aged about eight years.

" III. That within thirty days from the death of J. C. Withrow Permelia Withrow, by her attorney, filed a written application for letters of administration on said estate, (which application was incomplete and which is hereto attached,) and was directed to file bond and qualify, upon doing which letters would be issued to her; but that she did not offer to file bond or qualify at any time.

" IV. That on the 5th day of December, 1895, Thomas B. DePriest, claiming to be a judgment-creditor of the estate, and whose judgment appears on the judgment docket of this county, and J. H. Withrow, who claims to hold notes against the deceased, procured Geo. W. DePriest to apply for letters of administration on said estate, which were granted to him on filing his bond as required by law and taking the oath prescribed, all of which he did, and letters were granted to him without further citation or notice to said Permelia Withrow.

" V. I find that said Geo. W. DePriest is a discreet business man, and that he resides in Cleveland county, about twenty miles from the court-house in Rutherfordton, and in direct railroad communication with said town."

Upon the foregoing facts the clerk found that there had been shown no legal grounds for removing said administrator, and therefore declined to grant the prayer of the petitioner.

From the ruling by the clerk the plaintiff appealed to the Superior Court in term, and at Spring Term, 1896, *Bryan, J.,* adjudged as follows:

" That this case be remanded to the clerk, to the end that he may revoke the letters of administration granted to

the defendant, and allow the plaintiff to qualify as administrator of the said deceased John C. Withrow ; and the clerk shall issue notice to the said Permelia Withrow, widow of John C. Withrow, requiring her to file her bond and qualify within thirty days from the service of such notice, and the notice shall state that if she fail to qualify within the thirty days allowed, or in her stead to procure some other suitable person to file bond and qualify, then she shall be deemed to have renounced her right to said administration, and that defendant pay the costs."

From this judgment the defendant appealed.

*Mr. M. H. Justice*, for defendant (appellant).
No counsel *contra*.

FAIRCLOTH, C. J. : The only question presented is the right of the plaintiff to have the defendant removed from the administration of his intestate's estate.

Facts found by the clerk :  1. John C. Withrow died intestate June 3, 1895, leaving the plaintiff, his widow, and one child only, eight years of age.  2. Within thirty days from said death, the plaintiff filed with the clerk an incomplete application for letters of administration but did not offer to file bond or to qualify at any time.  3. That on December 5, 1895, more than six months after said death, the public administrator having made no application (*Code*, Sec. 1394,) the defendant, at the instance of judgment creditors, was appointed administrator, and filed his bond and was duly qualified, without any notice or citation to the plaintiff ; that the defendant is a discreet business man of said county.

The clerk refused to remove the defendant, and his Honor reversed the ruling and remanded the cause, and directed the clerk to revoke the defendant's letters and grant let-

ters of administration to the plaintiff upon complying with the statute, &c. Defendant appealed.

The plaintiff's present application was made subsequent to December 5, 1895. The subject of granting letters of administration, &c., is regulated by *The Code*, Ch. 33. Preference is given to certain persons successively, provided they assert their rights within the time prescribed by law. Public policy and the rights of distributees and creditors require that the estates of deceased persons be settled within a due and reasonable time. If those that have the preference fail to act within six months (Section 1394) they must be taken to have renounced or waived their rights. As the question has been fully considered and decided in this Court, we need not pursue it any further. *Hill* v. *Alspaugh*, 72 N. C., 402 ; *Garrison* v. *Cox*, 95 N. C., 353.

Reversed.