IN RE BAILEY WILL.

(Filed April 24, 1906).

*Executors and Administrators — Public Administrator — Priority of Right to Administer.*

If, after the lapse of six months, those entitled to take out letters of administration do not apply, it is the duty of the public administrator (Rev., sec. 20,) to make application, but none the less if any one entitled in prior right, as provided in section 3 shall make application at any time prior to the appointment of the public administrator, such person having priority should be appointed, unless he is disqualified under section 5.

APPEAL by H. A. Sapp, Public Administrator of Forsyth County, from an order of *Judge R. B. Peebles* made at the March Term, 1906, of the Superior Court of FORSYTH, affirming an order of the clerk of the Superior Court appointing G. M. Bailey, administrator c. t. a. of the testatrix, Octavia Bailey.

The testatrix, Octavia Bailey, died 2 November, 1904, and on 9 November her will was probated and the executor therein named, W. O. Cox, qualified. On 19 November a *caveat* to said will was filed and issues made up for trial, but pending the trial the executor died 4 September, 1905. Prior to filing the will for probate, a brother of the testatrix had applied for administration. On 12 March, 1906, H. O. Sapp, the public administrator of the county, applied verbally for administration c. t. a.; on 13 March G. M. Bailey, a brother of the testatrix, gave notice in open court that at noon recess he would apply for letters of administration c. t. a., and such application was made in writing on that day, but before it was made and after above oral announcement, H. O. Sapp, the public administrator, made application in writing. On the same day one Walls, with whom the infant child of the testatrix was residing, made written application that let-

ters of administration c. t. a. be issued to the public adminis-
trator. The clerk appointed the brother of the testatrix and
the public administrator appealed to the judge who affirmed
the ruling of the clerk. Appeal by H. O. Sapp, public ad-
ministrator.

*Jacob Stewart, F. T. Baldwin* and *Lindsay Patterson* for
appellant.
*Watson, Buxton & Watson* for appellee.

CLARK, C. J. The court concurs with the ruling of His
Honor that "the brother of the testatrix had the right to
qualify in preference to the public administrator at any time
before the latter had been allowed to qualify." Revisal, sec-
tion 20, provides that the public administrator shall apply
when those entitled to take out letters of administration have
delayed to do so for six months. The object is to prevent a
defect in the administration of estates. But because the pub-
lic administrator cannot take out letters till after the lapse
of six months, it does not follow that he alone can qualify
thereafter. Section 20 must be read in connection with sec-
tion 3, which prescribes the order in which the right to
administer devolves. If, after the lapse of six months, those
entitled do not apply, it is the duty of the public administra-
tor to make application, but none the less if anyone entitled
in prior right, as provided in section 3, shall make applica-
tion at any time prior to the appointment of the public ad-
ministrator, such person having priority should be appointed,
unless he is disqualified under section 5. His delay in mak-
ing application is not *per se* a "renunciation of the right to
qualify." It is a waiver only if he fail to claim it until six
months have elapsed and after the appointment of the public
administrator.

The object of section 20 is not to disqualify those entitled
under section 3, but merely to provide an administrator if

they fail to apply. If those in prior right do apply, not-withstanding the lapse of six months, their priority is not lost, unless the public administrator has been appointed. If the lapse of six months was *ipso facto* a forfeiture absolute of the right of the next of kin to qualify, and not merely a waiver provided another is already appointed before the next of kin applies, by the same rule the public administrator in this case had lost his right by not applying at the end of the six months as required by the statute. *Hill v. Alspaugh,* 72 N. C., 402. His preference, as well as that of the next of kin is lost, *Garrison v. Cox,* 95 N. C., 353, *Withrow v. De-Priest,* 119 N. C., 541, and it was open to the clerk to appoint the next of kin or any other suitable person. So *quacunque via,* there was

No Error.