In re Slater's Estate, 55 Utah 252.

## In re SLATER'S ESTATE.

No. 3360.　Decided November 14, 1919.　(184 Pac. 1017)

1. EXECUTORS AND ADMINISTRATORS—PREFERENTIAL RIGHT TO AP-POINTMENT LOST BY DELAY. Petitioner lost the preferential right given by Comp. Laws 1917, section 7596, to letters of administration of his father's estate, where he failed to appear within three months, as required by section 7598, but delayed nearly twenty-five years in applying for appointment, and then filed a cross-petition, objecting to the appointment of decedent's married daughter as being disqualified according to section 7600.[1] (Page 257.)

2. EXECUTORS AND ADMINISTRATORS—REVIEW OF DISCRETION IN AP-POINTMENT. A son of deceased, by delay in applying for letters of administration having lost his preferential right of appointment given by Comp. Laws 1917, section 7596, the appointment of another who is competent will not be disturbed, where it does not appear that the court abused its discretion to his prejudice. (Page 257.)

3. APPEAL AND ERROR—HARMLESS ERROR IN ADMISSION OF EVIDENCE. The court on appeal cannot reverse for erroneous admission of testimony, where the admissible testimony is sufficient to sustain the court's judgment. (Page 258.)

Appeal from the District Court of Weber County, Second District; *A. E. Pratt*, Judge.

In the matter of the estate of Richard Slater, deceased.

From an order or judgment appointing Howell Slater administrator of the estate of said deceased, James Slater appeals.

AFFIRMED.

*Harris & Jensen*, of Ogden, for appellant.

*George Halverson*, of Ogden, for respondent.

FRICK, J.

---

[1] *In re Owens' Estate*, 30 Utah, 351, 85 Pac. 277.

This is an appeal from an order or judgment made by the district court of Weber county appointing one Howell Slater administrator of the estate of Richard Slater, deceased.

A petition for the appointment of an administrator of the estate aforesaid was filed by one Elizabeth Condon, a daughter of the deceased, on the 24th day of January, 1918. The petitioner, among other things, alleged that Richard Slater died in Weber county, Utah, on or about the 25th day of November, 1893; that he left an estate "consisting of several small tracts of real property * * * of the probable value of $1,000," etc. The foregoing facts are not in dispute. She further stated in her petition the names, places of residence, etc., of all the heirs, together with all the necessary jurisdictional facts. She prayed that letters of administration be "issued to her or some other suitable and competent person." James Slater, appellant, on June 10, 1918, filed a cross-petition, in which he prayed that letters of administration be issued to him upon the grounds that he was the only surviving son of the deceased, that a majority of the heirs desired and requested that he be appointed administrator of said estate, and that the petitioner, Elizabeth Condon, is a married woman, and for that reason disqualified to act as administratrix of the estate.

A hearing was duly had upon the petition and cross-petition, pursuant to which hearing the court made findings and entered an order or judgment as follows:

"The petition of Elizabeth Condon, praying for letters of administration of the estate of Richard Slater, Sr., deceased, and the contest and cross-petition for letters of administration of James A. Slater, both coming on regularly to be heard this day, and due proof having been made to the satisfaction of the court that due and legal notice of the hearing of said petitions has been given by the clerk of this court, and it being proved by the oath of Elizabeth Condon that said Richard Slater, Sr., died on the 25th day of November, 1893, intestate, in the county of Weber, state of Utah, and that he was a resident of said county and state at the time of his death, and that he left estate in said county of the probable value of $1,300, and that the rental value thereof is twenty-five dollars per annum, and the court having heard the evidence of the respective parties, and it appearing therefrom that neither the petitioner nor cross-petitioner should be appointed, but that Howell

Slater is a fit and proper person to be appointed administrator of the estate of the said Richard Slater, Sr.: It is ordered that letters of administration upon the estate of said Richard Slater, Sr., deceased, be issued to the said Howell Slater upon his taking the oath and filing a bond according to law in the penal sum of $2,000.

"Dated September 14, 1919."

The material errors assigned are: (1) That the court erred in appointing Howell Slater administrator; and (2) that it erred in refusing to appoint the appellant. These two assignments raise the same question. There are two other assignments to which reference will be made hereafter.

Appellant insists that under our statute it was the duty of the court to appoint him, in view that he was the son of the deceased and was competent to act. Comp. Laws Utah 1917, section 7596, fixes the right of priority of appointment as follows: (1) Surviving widow or husband; (2) the children; (3) the father or mother; (4) the brothers and sisters; (5) grandchildren; (6) the next of kin. Section 7597, among other things, provides:

"When there are several persons equally entitled to administration, the court may grant letters to one or more of them. * * * If a dispute arises as to relationship between applicants, *or if there is any other good and sufficient reason, the court may appoint any competent person*." (Italics ours.)

Section 7598 reads as follows:

"Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to appear within three months after the death of the decedent and claim the issuance of letters to themselves."

Section 7599 is immaterial here, and section 7600, so far as material, provides that in case any person who is interested in an estate objects to the appointment of a married woman, she "must not be appointed administratrix."

Appellant's counsel, in their brief, state the gist of their contention thus:

"James A. Slater is both 'suitable' and 'competent,' and we contend that upon his cross-petition he was entitled to letters, as a matter of right."

That contention, it seems, is based upon the decision in the case of *In re Owens' Estate*, 30 Utah, 351, 85 Pac. 277. The question which necessarily controls the case at bar was, however, not involved in that case, and hence was not, and could not, have been decided. In that case the application was made by one who did not come within any of the classes mentioned in section 7596 and was made before the three-month period provided for in section 7598, supra, had expired. It was accordingly held in the Owens Case that the sister of the deceased, who came within the preferred class mentioned in section 7596, had the superior right, and the order of the court appointing another who did not come within the preferred class was reversed. A mere cursory reading of the opinion written by Mr. Chief Justice BARTCH, however, clearly shows that the question here presented was not considered, and that the conclusion there reached was entirely based upon the fact that the appellant in that case came within the preferred class, and that the application of the respondent in that case was made before the period of time had elapsed within which a preferential right existed. In this case, however, the intestate died in November, 1893, and no application for the appointment of an administrator was made until March, 1918, or nearly twenty-five years after the death of the intestate.

Counsel for respondent contends, stating his contention in his own language:

"The provisions of section 7598 require persons entitled, or having better rights to administration, to make application within a reasonable time for such appointment, and, if they fail to make such application, letters should be granted to any qualified applicant."

That states the law more favorable to the appellant than it is stated in section 7598. That section provides that in case those who have preferential rights to the administration "fail to appear within three months after the death of the decedent and claim the issuance of letters to themselves," then letters "must be granted to any applicant." Of course that implies that such applicant be a competent person to act as administrator.

In view of the conceded facts in this case, therefore, James

Slater, the appellant here, had clearly forfeited or lost his preferential right. Upon that question the decisions of the courts under statutes like ours are in perfect harmony. The general rule is well and tersely stated by Church in his New Probate Law and Practice, vol. 1, at page 384, in the following words:

"Under statutes giving to certain persons the preference, right to letters of administration, and limiting the time within which such preferred persons may, apply, it is generally held that such preference is lost, by failure to apply within the time fixed by the statute."

In 1 Woerner, The American Law of Administration, at section 243, the law is stated thus:

"The preference given by statute may be waived or renounced. * * * The renunciation may be spontaneous, or upon citation of some person interested; and it will be presumed—that is, the exclusive right to administer will be deemed—to have been waived, if letters are not applied for by the party preferred within the period prescribed for such purpose by statute."

The same doctrine is stated in 11 R. C. L. section 22, page 35.

The following authorities fully sustain the text quoted from Church and Woerner: *Forester* v. *Forester,* Adm'r, 37 Ala. 398; *Wheat* v. *Fuller,* 82 Ala. 572, 2 South. 628; *Atkinson* v. *Hasty,* 21 Neb. 663-666, 33 N. W. 206; *Withrow* v. *De Priest,* 119 N. C. 541, 26 S. E. 110; *In re Sprague's Estate,* 125 Mich. 357, 84 N. W. 293; *Rodes* v. *Boyers,* 106 Tenn. 434, 61 S. W. 776; *Rice* v. *Tilton,* 13 Wyo. 420, 80 Pac. 828; *In re Sutton's Estate,* 31 Wash. 340, 71 Pac. 1012; *McLean* v. *Roller,* 33 Wash. 166, 73 Pac. 1123, 1124; *Ramp* v. *McDaniel,* 12 Or. 108, 6 Pac. 456; *In re Miller,* 32 Neb. 480, 49 N. W. 427.

In the case of *Withrow* v. *De Priest,* supra, the court, in the course of the opinion, said:

"The plaintiff's present application was made subsequent to December 5, 1895. The subject of granting letters of administration, etc., is regulated by Code, chapter 33. Preference is given to certain persons successively, provided they assert their rights within the time prescribed by law. Public policy and the rights of distributees and creditors require that the estates of deceased persons be settled within a due and reasonable time. If those that have the preference

fail to act within six months (section 1394) they must be taken to have renounced or waived their rights. As the question has been fully considered and decided in this court, we need not pursue it any further. *Hill* v. *Alspaugh*, 72 N. C. 402; *Garrison* v. *Cox*, 95 N. C. 353."

In 18 Cyc. 84, it is said:

"Where all the persons who under the statute have a right to administer have renounced or otherwise lost their right, the court has a considerable discretion in the appointment of the administrator."

Such must necessarily be the law, and to that effect are the authorities.

In the case at bar all those who are given a preferential right under section 7598 manifestly forfeited or lost the same by delaying nearly twenty-five years before applying for the appointment of an administrator to administer the estate, and it seems that if Mrs. Condon, who seems to hold the largest interest in the estate, had not then applied, none of the other interested parties would have done so. Indeed, the appellant waited for almost five months after Mrs. Condon had filed her petition before he filed a cross-petition. The right insisted upon by appellant, therefore, is not only contrary to all the authorities, but is in the very teeth of section 7598, which expressly provides that in case those having the preferential right fail to come into court within three months after the death of the decedent, and ask that letters be issued to them, letters of administration must be granted to any applicant.

In any view that can be taken, therefore, appellant had lost his preferential right to be appointed administrator, and even though he was still qualified to act, yet his right to do so was no greater than the right of any other competent person. The district court was thus vested, as stated in Cyc., supra, with "considerable discretion in the appointment of the administrator." There is not a word of complaint that Howell Slater is not a competent person, or that there was any irregularity in making his appointment such as would constitute prejudicial error affecting any substantial right of the appellant. The district court having

Vol. 55—17

discretion in the matter, we cannot reverse its rulings, unless it is made to appear that it has abused that discretion to the prejudice of a substantial right of the appellant. This record discloses nothing of that character.

It is, however, insisted that the court erred "in permitting the petitioner to testify as to an oral agreement with James Slater." Even though the court had erred in admitting the evidence, yet, in view that the evidence is otherwise sufficient to sustain the court's judgment, we may not, as this court has repeatedly held, for that reason reverse the judgment. The testimony of the petitioner in that regard was therefore not prejudicial to the rights of the appellant. As we have seen, appellant lost his preferential right, and hence the court, under our statute, had the power to appoint any other suitable and competent person. If such person is suitable and competent to administer the estate, appellant clearly is not prejudiced in any substantial right.

The judgment is affirmed, with costs to respondent.