ABRAM JONES, DECEASED, E. C. BROOKS, JR., ADMINISTRATOR, v. E. H. CLEMENT COMPANY AND UNITED STATES CASUALTY COMPANY.

(Filed 9 December, 1931.)

1. **Executors and Administrators A a—Where no one qualified by statute has applied for letters after six months clerk may appoint administrator.**

    Where a resident dies in a county in which no public administrator has been appointed, C. S., 20, the clerk of the court has jurisdiction to appoint an administrator for his estate after the lapse of six months where no other person qualified under the statute has applied for letters of administration, C. S., 15, and where the clerk has appointed an administrator under the statute a debtor of the estate cannot maintain the position that the appointment of a public administrator was necessary to receive payment of the debt, in this case compensation recoverable under the provisions of the Workmen's Compensation Act.

2. **Master and Servant F i—Findings of fact of Industrial Commission, supported by sufficient evidence, are conclusive on appeal.**

The findings of fact of a member of the Industrial Commission in a hearing before him under the Workmen's Compensation Act, approved by the full Commission upon appeal, are conclusive upon the courts when supported by any sufficient competent evidence.

3. **Master and Servant F g—Where deceased employee leaves no dependents compensation is payable to his personal representative.**

Where the death of an employee is compensable under the provisions of the Workmen's Compensation Act, and such deceased employee leaves no one either wholly or partially dependent on him, the compensation is payable to his personal representative for the benefit of his heirs under the provisions of the act, and where the Industrial Commission has found as a fact upon sufficient evidence that the employee left no dependents an award to his personal representative, duly appointed will be upheld.

4. **Master and Servant F h—Amount of compensation payable to personal representative is commutable under the provisions of the act.**

While there is no commuted amount provided by section 38 of the Workmen's Compensation Act for payment to the personal representative of a deceased employee for death from an injury compensable thereunder, the act provides the method by which such amount can be commuted, and in this case the amount of the award by the Industrial Commission is upheld.

APPEAL by defendants from *Devin, J.,* at April Term, 1931, of DURHAM. Affirmed.

The hearing Commissioner, J. Dewey Dorsett, found the facts and rendered an opinion and decided that plaintiff E. C. Brooks, Jr., administrator of Abram Jones, was entitled to an award. The chairman, Matt H. Allen, notified the defendants, as follows: "You and each of you are hereby notified that a hearing was held in the above styled case before Commissioner J. Dewey Dorsett at Durham, N. C., on 6 December, 1930, and an opinion filed on 23 December, 1930, directing an award as follows: Upon the finding that the deceased left no person wholly or partially dependent upon him at the time of the accident and that E. C. Brooks, Jr., has duly qualified as administrator of the estate of the deceased, the defendant will pay to E. C. Brooks, Jr., administrator, in a lump sum, the commuted value of 350 weekly installments at the rate of $7.87 per week which is $2,495.98. The defendants will pay to proper parties funeral expenses not to exceed $200. The costs of the hearing will be taxed against the administrator, and same to be deducted by carrier from above compensation and paid direct to the Commission."

25—201

An appeal was taken to the full Commission. It sustained the hearing Commissioner, the chairman writing an opinion in the case. *Brooks v. Clement Co.,* Opinions N. C., Industrial Commission, 1930-1931, p. 188.

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, W. A. Devin, judge presiding in the Tenth Judicial District and holding court at regular term in the county of Durham, upon an appeal from an award of the North Carolina Industrial Commission in the above entitled cause rendered by the said North Carolina Industrial Commission on 26 January, 1931, and it appearing to the court that the said award is in all respects proper and correct: It is therefore, ordered, adjudged and decreed that the said award be and is hereby confirmed and that judgment is hereby entered against E. H. Clement Company and the United States Casualty Company, defendants herein, in the sum of $2,435.35, from which shall be deducted the sum of $200.00 paid by the defendants for funeral expenses; that said judgment is in favor of said plaintiff. This 30 April, 1931.                    W. A. DEVIN, *Judge Presiding."*

To the foregoing judgment defendants excepted, assigned error and appealed to the Supreme Court. Several exceptions and assignments of error were made by defendants. The material contentions will be considered in the opinion.

*Thomas A. Banks for plaintiff.*
*Biggs & Broughton for defendants.*

CLARKSON, J. Abram Jones, on 19 February, 1930, while regularly employed by E. H. Clement Company of Durham, suffered an injury by accident that arose out of and in the course of his employment. Death resulted from this accident and injury on 19 April, 1930. On 11 March, 1930, an agreement for payment of compensation was entered into by Abram Jones and the defendants. The defendants by that agreement admitted liability to Abram Jones before his death. On 30 October, 1930, E. C. Brooks, Jr., of Durham, was appointed and duly qualified as administrator of the estate of Abram Jones, by the clerk of the Superior Court of Durham County, and gave bond as required. This appointment was made after six months had expired from the date of death of Abram Jones. Durham County has no public administrator. The defendant contended that, under the law, a public administrator should be paid the compensation due in the case instead of E. C. Brooks, Jr., administrator. This contention of defendants cannot be sustained.

C. S., 15, latter part, is as follows: "If no person entitled to administer applies for letters of administration on the estate of a decedent

within six months from his death, then the clerk may, in his discretion, deem all prior rights renounced and appoint some suitable person to administer such estate."

C. S., 20: "The public administrator shall apply for and obtain letters testamentary, or letters on the estates of deceased persons in the following cases: (1) When the period of six months has elapsed from the death of any decedent, and no letters testamentary, or letters of administration or collection, have been applied for, and issued to any person," etc.

In *Hill v. Alspaugh,* 72 N. C., at p. 405, speaking to the construction of the statute: "But after the expiration of six months, should the public administrator fail to apply, the field is open to the probate judge (now clerk of the Superior Court) to treat all right of preference as renounced and to appoint, in the exercise of his discretion, some suitable person to administer the estate. This view is in accord with public policy, which requires the estates of decedents to be promptly administered and distributed among the persons entitled thereto." *Withrow v. DePriest,* 119 N. C., 541; *In re Bailey's Will,* 141 N. C., 193; *In re Neal's Will,* 182 N. C., 405.

In *Holmes v. Wharton,* 194 N. C., at p. 473-4, is the following: "When, however, the death of the person upon whose estate the letters were issued, is admitted or proven, the statute confers jurisdiction upon the clerks of the Superior Court of the several counties of the State. The clerk in each county, has jurisdiction in probate matters, within his county when certain facts, as set out in the statute, have been established. When these facts are found by the clerk upon application to him for the issuance of letters of administration, he proceeds at once to exercise his statutory jurisdiction. The validity of his orders, made in the exercise of such jurisdiction, cannot be impeached, collaterally, by evidence tending to show that the facts with respect to the domicile of the deceased, etc., are otherwise than as found by him. His jurisdiction in so far as it is dependent upon the facts set out in the statute, is conclusive, unless made the subject of a direct attack by a party in interest." *Fann v. R. R.,* 155 N. C., 136; *Batchelor v. Overton,* 158 N. C., 396; *Tyer v. Lumber Co.,* 188 N. C., 274.

The defendants' next contention: Whether or not, in the absence of an express finding and judicial determination that a deceased employee left no dependent, an award under the Workmen's Compensation Act should be made to the personal representative of such deceased employee? Under the facts and circumstances of this case, we think the award was properly made to the personal representative of the deceased.

The hearing Commissioner, J. Dewey Dorsett, in the finding of facts has the following: "4. No dependents, either wholly or partially dependent have been located after diligent search for said dependents on the part of the insurance carrier." The formal award issued on 23 December, 1930, set forth, "Upon the finding that the deceased left no person wholly or partially dependent upon him at the time of the accident and that E. C. Brooks, Jr., has duly qualified as administrator, the defendant will pay to E. C. Brooks, Jr., in a lump sum, etc." The defendants appealed to the full Commission, and these findings were approved by the full Commission.

In *Southern v. Cotton Mills Co.,* 200 N. C., 165, it is held: "The findings of fact of a member of the Industrial Commission in a hearing before him under the Workmen's Compensation Act, approved by the full Commission upon appeal, is conclusive upon the courts when supported by any sufficient evidence." *Williams v. Thompson,* 200 N. C., 463.

In *Reeves v. Parker,* 199 N. C., at p. 242, the law is stated: "All *through* the act 'personal representative' is mentioned, indicating a fixed purpose by the General Assembly that compensation should be awarded, where there are no dependents, to the personal representative. While there is no commuted amount provided for in section 38, there is an amount which can be commuted."

We think that there was sufficient judicial determination that the employee left no dependents, at least, to base an application for letters of administration on. We see no good reason for defendants to complain, as the carrier was paid a premium for the risk. When the carrier fulfils its obligation to the administrator of the dead man's estate, it does what it was paid a premium to do and in law and good morals should do.

The last contention of defendant: That there was error in the amount of award. What amount is payable to the personal representative in the case of a deceased employee who leaves no dependents? We think the amount awarded by the Commission and confirmed by the court below, correct.

The method of arriving at the award to E. C. Brooks, Jr., administrator, is the same as adopted by the North Carolina Industrial Commission in *Reeves v. Parker,* Vol. 1, Opinions of Commission, p. 277. This opinion was written by the hearing Commissioner Dorsett, and upon appeal adopted and affirmed by the full Commission. On appeal to this Court from the full Commission, in *Reeves v. Parker,* 199 N. C., at p. 239, it is said: "We are now called upon to sustain or reverse the Industrial Commission. We think the opinion of the Commission should be upheld."

The defendants discuss interestingly *commute* and *commuted* amount, as used in sections 38 and 40, of the Workmen's Compensation Act, but we cannot follow the conclusion reached by defendants.

The Workmen's Compensation Act is not as clear as it should be, as may be noted from the many cases brought to this Court; but we think that the reasonable and just construction given it by the Industrial Commission and the court below in this case correct. The judgment is

Affirmed.