IN RE SMITH'S ESTATE
SMITH ET AL. v. BALLARD
No. 4976.   Decided January 11, 1935.   (40 P. [2d] 180.)

*H. S. Tanner*, of Salt Lake City, for appellants.

*J. M. Christensen*, of Salt Lake City, for respondent.

THURMAN, District Judge.

This is an appeal from an order or judgment made by the district court of Salt Lake county appointing Walker Brothers, Bankers, administrator of the estate of Edna L. Smith, deceased. On March 29, 1929, more than three years after the death of deceased, Geraldine Smith Ballard, a granddaughter, respondent, filed a petition praying for the appointment of the Utah Savings & Trust Company as administrator of said estate. On April 17, 1929, Alvin F. Smith, Edna Melissa Smith Bowman, Emma Smith, and Martha Smith Jensen, children of deceased, appellants, joined in filing an answer, also a cross-petition, praying for the appointment of Alvin F. Smith. The petition and cross-petition were heard together by the district court on June 25, 1929. At the hearing and upon the suggestion of the court, respondent amended her petition by praying for the appointment of Walker Brothers, Bankers. The record shows a minute entry of the district court as of that date, directing that such appointment be made. No written order of appointment, however, was made and entered until October 15, 1929. In the meantime and on October 10, 1929, appellants made a motion to vacate and set aside what they denominate the court's order of June 25, 1929.

It is admitted that no application for administration of the estate was made prior to the filing of respondent's petition on March 29, 1929; also, that appellants are all of the surviving children of deceased; and that her only other heirs are six grandchildren, including the respondent, sons and daughters of a deceased son and daughter.

Appellants make six assignments of error. The principal one and the one chiefly relied upon is that the district court

erred in appointing Walker Brothers, Bankers, as adminis-
trator. Such is the effect of assignments numbered 2 and 3.
Reference will be made to the other assignment hereafter.

The question presented requires a consideration of the
statutes of this state in force at the time of the making of
the order of appointment (Comp. Laws Utah 1917).

Section 7596 provides:

"Administration of the estate of a person dying intestate must be
granted to some one or more of the persons hereinafter mentioned,
the relatives of the deceased being entitled to administer only when
they are entitled to succeed to his personal estate or some portion
thereof; and they are, respectively, entitled thereto in the following
order:

"1. The surviving husband or wife;
"2. The children;
"3. The father or mother;
"4. The brothers or sisters;
"5. The grandchildren;
"6. The next of kin.

"Administration may be granted to one or more competent persons,
although not otherwise entitled to the same, at the written request
of the person entitled, filed in the court."

Section 7597 provides:

"When there are several persons equally entitled to administra-
tion, the court may grant letters to one or more of them. Of several
persons claiming and equally entitled to administer, relatives of the
whole blood must be preferred to those of the half blood. If none
of said relatives or their guardians will accept, then the creditors
shall be entitled to letters, but when a creditor is applying, the court
may, in its discretion, at the request of another creditor, grant letters
to any other person legally competent. If a dispute arises as to re-
lationship between applicants, or if there is any other good and suf-
ficient reason, the court may appoint any competent person."

Section 7598 provides:

"Letters of administration must be granted to any applicant, though
it appears that there are other persons having better rights to the
administration, when such persons fail to appear within three months
after the death of the decedent and claim the issuance of letters to
themselves."

There can be no question but that appellants, under the provisions of section 7596, are preferred as a class over respondent and upon timely application would be entitled to letters, in the absence of disabilities not here involved, as a matter of law. Such is the effect of the statute as it and similar statutes have been construed by the great weight of authority. Section 7596, however, is not alone determinative of the matter. It must be construed in this connection with reference to section 7598. By virtue of the latter, any preference created by the former inures to the benefit of its possessor only in event its possessor appears within three months and claims the issuance of letters to himself. Upon a failure to so appear, the preference is lost, and its possessor, even though he still be qualified to act, has no greater right than any other competent person. Such is the holding of this court in the case of *In re Slater's Estate*, 55 Utah 252, 184 P. 1017, 1019, to which we refer the reader for a more full consideration of the question and the citation of authorities. More than three months having elapsed between the death of deceased and the filing of any application for administration of the estate, such preferential right as either appellants or respondent may have had in the first instance was forfeited or lost, and neither was in any different category at the hearing of the petition on June 25, 1929, than any other competent person.

Appellants contend that even though both parties were equally situated with respect to preferences, the court should have appointed a party interested in the estate rather than a disinterested one. Appellants also take the position that Walker Brothers, Bankers, was the appointee of the court. From the record, it appears that at the hearing of the petition and cross-petition the court suggested the advisability of both sides agreeing upon a disinterested party and proposed the name of Walker Brothers, Bankers. Appellants declined to accept the court's suggestion; whereupon respondent asked and was given leave

to amend here petition by praying for the appointment as suggested. Whether this was an appointment of a nominee of the court or a nominee of respondent, we do not say. The result, so far as is material to the issue involved herein, is the same in either case. Under the provisions of section 7597, the court may, at any time, if there is any good and sufficient reason, appoint any competent person irrespective of preferential rights and interest in the estate and irrespective of whether such person is the nominee of the court, of an interested party, or otherwise. As both parties were before the court with no preferential rights, the question then arose as to whether there was any good and sufficient reason for the appointment of some competent person other than those interested in the estate. This involved the discretionary powers of the district court. Unless it is made to appear that it has abused that discretion to the prejudice of a substantial right of appellants, we cannot reverse its ruling. In 18 Cyc. 84, it is said:

"Where all the persons who under the statute have a right to administer have renounced or otherwise lost their right, the court has a considerable discretion in the appointment of the administrator."

The facts in *Re Slater's Estate,* supra, were not materially different from those involved herein. There a daughter filed a petition, over twenty-four years after her father's death, for the appointment of herself or some other suitable and competent person as administrator of her father's estate. A son filed a cross-petition in which he prayed that letters of administration be issued to him upon the grounds that he was the only surviving son of the deceased, that a majority of the heirs desired and requested that he be appointed, and that petitioner was a married woman. Upon a hearing of the petition and cross-petition together, the district court appointed a competent disinterested person, from which appointment the son appealed. On affirming the appointment this court by Mr. Justice Frick said:

"In any view that can be taken, therefore, appellant had lost his preferential right to be appointed administrator, and even though he

was still qualified to act, yet his right to do so was no greater than the right of any other competent person * * * And hence the court, under our statute, had the power to appoint any other suitable and competent person. If such person is suitable and competent to administer the estate, appellant clearly is not prejudiced in any substantial right."

From an examination of the petition, answer, and cross-petition, it is apparent that appellants and respondent have decidedly different ideas as to the amount and value of the property in the estate. Respondent alleges that there is real estate of a value of $20,000, having a monthly rental value of $80, and personalty of upwards of ■ $30,000. Also that there is other personal property consisting of stocks and bonds, the exact amount and description of which are unknown to her. Appellants contend that the estate consists of real property of the approximate value of $9,000, having an annual rental value of not to exceed $460, and no personal property except household furniture and fixtures of the reasonable value of $250. It is equally apparent that any competent person other than appellants would be acceptable to respondent, while appellants insist that Alvin F. Smith be appointed. Such a state of the record, together with the fact that appellants had not seen fit to avail themselves of their right to administer the estate for a period of over three years, might very properly have led the district court to the conclusion that the appointment of any other than a distinterested person would preclude the probabilities of an amicable and satisfactory administration of the estate. No complaint is made that Walker Brothers, Bankers, is not competent or that the interest of appellants will not be fully protected in its administration of the estate. We are unable to find from an examination of the entire record wherein the district court abused the discretion vested in it or wherein appellants are prejudiced in any substantial right.

Under assignments 1 and 6, appellants claim the district court erred in refusing to hear evidence in support of the

issues raised by their answer. As we view the pleadings, pursuant to which the order appointing the administrator was made, there were no issues of fact presented material to the matter before the district court upon which it could or should have taken any evidence. The discrepancy between the values placed upon the property in the estate by the respective parties, hereinabove referred to, was material only in so far as it revealed the possibility of a dispute between the parties. The existence of such a possibility could not have been made to appear more plainly by the hearing of evidence. Also we are not unmindful of the allegations in appellants' cross-petition, to the effect that prior to the death of the deceased she demanded of appellants that her daughter Emma Smith, who at the time was unmarried, be allowed and permitted to retain possession of the deceased's home as and for her home during her lifetime, and that on account of said request, and not otherwise, appellants had refrained from applying for administration of the estate. While we are appreciative of appellants' desire to carry out the wishes of their deceased mother and to be of assistance to their maiden sister, we are unable to see wherein such an allegation raises an issue of fact material to the matter before the district court upon which it was required to hear evidence. Such an excuse is nothing short of an effort to give effect to an abortive attempt to devise property in a manner not authorized by law. If administration of the estate could be indefinitely delayed on such ground, the effect would be to vest in the maiden sister a life estate in real property without a testamentary devise and in a manner not authorized by our laws of descent. This the law does not countenance. If a party fails to present, by his pleadings, issues of fact material to the matter before the court, he cannot be heard to complain if the court refuses to dissipate its time in hearing evidence on immaterial issues even though they be pleaded. Appellants' motion filed October 10, 1929, to set aside the minute entry of June 25, 1929, as well as their

proffer of evidence in support thereof, likewise failed to raise any material issues of fact.

Under assignments 4 and 5 it is claimed that the district court erred in signing and filing its written order of October 15, 1929, appointing the administrator and issuing letters pursuant thereto, pending a hearing on appellants' motion of October 10, 1929, to vacate and set aside its minute entry of June 25, 1929. These assignments are also without merit, as on October 10, 1929, there was no order to which the motion could apply. Comp. Laws Utah 1917, § 7017.

For the reasons above stated, the judgment and order of the district court is affirmed, with costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., being disqualified, did not participate herein.