[No. 3849.    Decided July 2, 1901.]

*In the Matter of the Estate of* JOHN SULLIVAN, *Deceased*:
THOMAS T. LITTELL, *Appellant,* v. BONNEY & STEWART
                *et al., Respondents.*

APPEAL — DISMISSAL FOR FAILURE TO FILE BRIEF.

Where an appellant to whom no extension of time has been
granted neglects to serve and file his brief in the cause within
ninety days after filing his notice of appeal, his appeal will be
dismissed upon the motion of an adverse party.

SAME — DEPOSIT OF MONEY IN LIEU OF BOND — CONCLUSIVENESS OF
CLERK'S CERTIFICATE.

Although an appellant may have deposited a bank check in-
stead of cash with the clerk of the superior court in lieu of an
appeal bond, a certificate by the clerk to the effect that the ap-
pellant had deposited the required sum in gold coin is conclusive
of the fact that money was deposited as required by the statute.

RIGHT OF ADMINISTRATION UPON DECEDENT'S ESTATE — PRINCIPAL
CREDITORS.

Bal. Code, § 6141, awarding the right to administer upon a
decedent's estate in certain contingencies to one or more of the
principal creditors, contemplates only such creditors as were in
existence prior to the decedent's death and would not include
a creditor for the funeral expenses, since § 6333, Id., specially
protects the holder of such a claim by making it the first one
payable out of the funds of the estate.

SAME.

In a contest among creditors for the administration of an es-
tate valued at $250,000, where the claims of all the creditors ex-
cept one were for sums less than $100, and that one's claim
was for $60,000, there could be but one principal creditor, with-
in the contemplation of Bal. Code, § 6141, awarding administra-
tion "to one or more of the principal creditors," if there are no
relatives or next of kin.

SAME — WAIVER OF RIGHT — POWER OF COURT TO APPOINT STRANGER
TO ESTATE.

Where one or more of the principal creditors of a decedent's
estate waive their right to administration in writing, the court
may appoint any person, not a creditor, even if other creditors
exist, to administer upon the estate, under Bal. Code, § 6141,

which provides that "if there be no relatives or next of kin, or if the heirs or one or more of the principal creditors, in writing, waive their right to administration, or if there be no principal creditor or creditors, then the court or judge may appoint any suitable and competent person to administer upon such estate."

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed:

*Craven & Craven,* for appellant.

*Piles, Donworth & Howe* and *C. H. Farrell,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—On the 3d day of October, 1900, the appellant, Thomas T. Littell, filed in the office of the clerk of the superior court of King county the following petition:

"To Hon. Wm. H. Moore, One of the Judges of the above-entitled Court:

"The petition of Thomas T. Littell of King county, state of Washington, respectfully shows: That John Sullivan died on the 26th day of September, 1900, in the city of Seattle, King county, state of Washington; that said deceased, at the time of his death, was a resident of King county, state of Washington; that deceased left estate in the said county and state, consisting of real and personal property, in moneys, personal effects and among other probable real estate, the four story business block known as the Sullivan building and the ground upon which it stands, situated on the east side of First Avenue in the city of Seattle, state of Washington, between Cherry street and Columbia street; that, as your petitioner is advised and believes and therefore alleges, there are no heirs at law of said deceased; that due search and inquiry have been made to ascertain if said deceased left a will and testament, but none has been found; and according to the best knowledge, information and belief of your petitioner said deceased died intestate; that your petitioner is a resident of the state of Washington and one of the principal creditors of said

deceased, and therefore is entitled to letters of administration of said estate; that he presents herewith a request of the other principal creditors of said estate, who are residents of said state and who are qualified to act as administrators of said estate, that he be appointed as such administrator, marked 'Exhibit A.' Wherefore, your petitioner prays that a day be appointed for hearing this application; that due notice thereof be given by the clerk of said court by posting notices according to law, and that upon said hearing and the proofs adduced letters of administration of said estate may be issued to your petitioner."

Exhibit A, referred to in said petition, and which is attached thereto, is as follows:

"The undersigned respectfully show to this court that they are the principal creditors of the estate of John Sullivan, deceased, and are residents of the county of King, state of Washington, and as such are entitled to administer upon the estate of said deceased; that your petitioners do not desire to undertake the administration of said estate, but request that Thomas T. Littell, whose petition for letters is presented and filed herewith, may be appointed administrator of said estate.

SIRA CARMAN, *M. D.*
BONNEY & STEWART,
QUICK DRUG Co.
J. B. QUICK."

On the 10th day of October, 1900, the firm of Bonney & Stewart filed a petition in the same matter, alleging substantially the same facts set forth in the petition of Littell, as above shown, with the additional statement that the estate of the deceased, Sullivan, is indebted to said firm "in the sum of $572.50 for funeral expenses and undertakers' services rendered by said petitioners in respect to the body of said deceased." The petition further alleges "that Terence O'Brien, a resident of the city of Seattle, King county, state of Washington, was a friend of said deceased for a long period of years, and is without doubt the person

whom said deceased would have desired to administer his estate, and is a suitable and competent person to administer such estate"; and the prayer of the petition asks that letters of administration be issued to said Terence O'Brien. There were five other petitions filed, each petition asking the appointment of a different person as administrator. Among the other petitioners were the United States Mortgage & Trust Company, a creditor of the deceased to the extent of about $60,000, and also the state of Washington. The last named petitioner claimed the right to suggest the name of a person to be appointed administrator on the ground that all the other petitions alleged that the deceased left no heirs or next of kin, and that the property of the deceased, therefore, escheated to the state. Hearing upon the various petitions was by the court continued from time to time, and on the 16th day of November, 1900, a hearing was had upon all at the same time, and thereafter, on the 19th day of November, 1900, the court entered an order appointing Terence O'Brien administrator of said estate. From that order the petitioners Thomas T. Littell, the United States Mortgage & Trust Company, and the state of Washington have severally appealed to this court.

The appellant Littell moves to dismiss the appeals of the United States Mortgage & Trust Company and the state of Washington, respectively, on the ground that neither of said appellants has served or filed any brief herein, and that more than ninety days have elapsed since their respective notices of appeal were served and filed, and that no extension of time for the service and filing of such brief has been requested by, or granted to, either of said appellants. The motion is granted, and both of said appeals are hereby dismissed.

The respondents Bonney & Stewart and Terence O'Brien move to dismiss the appeal of Thomas T. Littell on the

28—25 WASH.

ground that no legal notice of appeal was ever given or served by said appellant. No reasons are pointed out in the brief in support of this ground of the motion. An examination of the notice of appeal, proof of service, and the filing thereof satisfies us that it is a sufficient notice. Under another subdivision of the motion to dismiss, it is argued that no money was deposited in lieu of an appeal bond, but that a certificate of deposit upon a bank for the sum of $200 was deposited with the clerk of the superior court in lieu of a bond. The record contains the following certificate by the clerk of the superior court:

"I further certify that Thomas T. Littell, on November 28, 1900, deposited with the clerk of the above-entitled court the sum of $200 in gold coin in lieu of appeal bond on his appeal to the supreme court of the state of Washington in the above entitled cause, and that the sum of $200 ever since said date has been, and now is, on deposit with the clerk for said purpose."

The above certificate must be taken as conclusive of the fact that money was deposited as required by the statute. Other subdivisions of the motion to dismiss involve the merits of the controversy here to such an extent that they cannot well be considered apart from the merits. The motion to dismiss the appeal of Littell is therefore in all particulars denied.

It will be observed that the name of the firm of Bonney & Stewart appears among the signatures to the exhibit above set forth as attached to the petition of appellant Littell, and who are there described as principal creditors of the deceased who do not desire to undertake the administration of said estate, but request the appointment of appellant Littell. One week later the formal petition of Bonney & Stewart was filed, which petition contains the statement of certain jurisdictional facts, is duly verified, and asks for the appointment of Terence O'Brien as ad-

ministrator. These two requests of Bonney & Stewart are in conflict with each other, since each asks the appointment of a different person. Their formal petition last filed, however, discloses that their claim against the estate is for funeral expenses. Since their claim is not founded upon a debt of the deceased which existed at the time of his death, we think they did not belong to the class of creditors contemplated by § 6141, Bal. Code. The section just cited reads as follows:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:—

1.    The surviving husband or wife, or such person as he or she may request to have appointed;

2.    The next of kin, in the following order: (1) Child or children; (2) Father or mother; (3) Brothers or sisters; (4) Grandchildren;

3.    To one or more of the principal creditors: Provided, That if the persons so entitled or interested shall neglect for more than forty days after the death of the intestate to present a petition for letters of administration, or if there be no relatives or next of kin, or if the heirs or one or more of the principal creditors, in writing, waive their right to administration, or if there be no principal creditor or creditors, then the court or judge may appoint any suitable and competent person to administer such estate."

We believe the term "creditors," as used in said section, relates only to such as were creditors of the deceased at the time of his death, or to holders of obligations created by the deceased himself. The evident purpose of the statute is to give to those who are materially interested in the preservation and application of the assets of the estate as creditors an opportunity to administer when the other persons described in the statute do not exist or for some reason have not sought the appointment as administrator. Perhaps the

only obligation that can be created against an estate after the death of the deceased, aside from the expenses of administration, is that for funeral expenses. But the holder of such claim is specially protected by statute, and his claim is the first that can be paid. Bal. Code, § 6333. There therefore does not exist the same reason for conferring the *right* to administer upon such a claimant as that which exists in favor of the creditors mentioned in § 6141, *supra*. At the time of the hearing the claim of Bonney & Stewart was by far the largest claim against the estate, with one exception, but, for reasons heretofore stated, they did not belong to that class denominated as "creditors" for the purpose under consideration in the statute. Whatever may be said of the original request of Bonney & Stewart, or of their subsequent petition, both filed in this record, they cannot be said to be based upon any statutory *right* to ask for the appointment of themselves or any particular person as administrator. They are only suggestions to the court which may with propriety be made because of the existence of the claim for funeral expenses. The statute does not confer upon any creditor the *right* to demand the appointment of another. Such right exists only to ask his own appointment. It will be observed that the right so conferred is limited to "principal creditors." The record shows the value of the assets of this estate to be at least $250,000. The United States Mortgage & Trust Company, as already stated, is a creditor to the extent of $60,-000, and there is no other creditor whose claim exceeds $100, aside from that for funeral expenses above discussed. Appellant Littell had been acting as agent for the deceased in the way of collecting rents, and received for his services $75 per month. He testified that it was his practice at the end of each month to pay himself the amount of his salary for such month from funds so collected. The deceased died

on the 26th day of September, 1900, and Littell testifies that he would have paid himself $75 at the end of September if Sullivan had lived. Sullivan, at the time of his death, was therefore owing Littell the accrued portion of the salary for the month of September, together with some other small items, amounting in all to about $90. Littell had in his hands at the time of Sullivan's death $1,854.41, theretofore collected by him as agent aforesaid. Respondents contend that Littell was therefore not a creditor, but was a debtor, of the estate in the amount remaining after deducting $90 from $1,854.41. We think, however, since Littell collected and held this money as agent, that he had not the legal right to set off his claim against it after Sullivan's death. He held the money as a trustee for the estate, and was therefore not its debtor, but was technically its creditor to the extent of $90. Littell testifies that the claim of Dr. Carman is either a little more or a little less in amount than his own; the exact amount he does not know; that the next claim in amount is probably the Kaickhefer Elevator Company's claim, it being about $87; that the Seattle Steam Heating & Power Company's claim is for about the same amount; that following in the order of amount are the claims of the Quick Drug Company, Lundberg, Daussat, Carary, and others, the amounts of the latter claims not being stated. Under these circumstances, who were "principal creditors" of this estate, within the meaning of the statute? The word "principal" is defined in Webster's dictionary as follows: "Highest in rank, authority, character, importance, or degree; most considerable or important; chief, main." Considering the magnitude of this estate, and the very small amounts of the several creditors' claims against it, with but one exception, we believe there is but one real "principal creditor" of this estate, viz., the United States

Mortgage & Trust Company. When we contrast the $60,-000 claim of the last-named creditor with the others, all in amount less than $100, we cannot reasonably find that there is more than one "chief" or "main" claim, within the meaning of the term "principal" as used in the statute. It is seldom that conditions exist where there is such a marked contrast between the amounts of creditors' claims as in this case. But if we assume that other claims, following in the order of amount, constitute their holders "principal creditors," then how many such principal creditors of this estate are there? Dr. Carman's claim, under the evidence, is possibly a little more than appellant Littell's claim; that of the elevator company is only $3 less; while the Seattle Steam Heating & Power Company's claim is about the same in amount. Others are less in amount, but how much less we are unable to determine from the record. Under these circumstances, we do not think we should say that appellant Littell is a "principal creditor," and that others are not such. So far as appears from the record, they are all substantially of the same degree or rank as creditors. The statute provides that if one or more of the principal creditors in writing waive their right to administer, then the court "may appoint any suitable and competent person to administer such estate." We have said that the right exists only in favor of the creditor himself. When, therefore, he asks in writing for the appointment of another, he thereby waives his statutory right. We have, therefore, in this record the written waiver of the following creditors, viz.: the United States Mortgage & Trust Company, the chief creditor, Dr. Carman, the Quick Drug Company, Louis Daussat, and Marie Carary,—five in all. It may be said that the mortgage company is disqualified because it is a foreign corporation. It is contended that it was duly authorized to transact

business in this state, and that one of the special powers conferred by its articles of incorporation is to administer upon estates. Whatever may be said of its competency, it is, in any event, the chief creditor, and whatever rights it may have had in the premises it waived in writing when it petitioned for the appointment of another person. But, leaving the mortgage company entirely out of this consideration, there are four other creditors, of substantially the same degree with the appellant, who have in writing waived their right. Under all these circumstances, we believe the court clearly was empowered to appoint "any suitable and competent person." He might have appointed the appellant, who was no doubt suitable and competent; but, in the exercise of his discretion, he appointed another, and, since there is no showing or claim that the one appointed is not a suitable and competent person, we do not think this court should interfere with the discretion exercised by the probate court. It must be presumed that appellant's rights as a creditor will be properly protected by the court in due course of administration.

The judgment of the lower court is therefore affirmed.

REAVIS, C. J., and ANDERS, WHITE, DUNBAR, MOUNT and FULLERTON, JJ., concur.