[No. 4375.    Decided October 8, 1903.]

HENRY McLEAN, *Appellant*, v. FLOYD H. ROLLER, *Respondent.*[1]

APPEAL—BOND—AFFIDAVIT OF SURETIES. The fact that the principal in an appeal bond, as notary public, took the affidavits of the sureties does not affect the sufficiency of the bond.

ADMINISTRATION—PRIORITY—WHO ENTITLED TO—DISQUALIFICATION OF HUSBAND. Under Bal. Code, § 6141, conferring the prior right to administration upon the surviving husband, or upon such person as he may request to be appointed, the husband, although convicted of a felony and himself disqualified to act, may designate the person entitled to the appointment.

SAME—WAIVER OF RIGHT—TIME FOR ASSERTING PREFERENCE. The neglect of the person entitled to letters of administration to petition therefor for more than forty days after the death of the intestate waives the right to priority, under Bal. Code, § 6141, and confers upon the court discretionary power to appoint any suitable person, and where two suitable persons subsequently apply, a selection made without reference to former priorities will not be disturbed on appeal.

SAME—JURISDICTION—SUFFICIENCY OF APPLICATION—AFFIDAVIT AS TO HEIRS—FAILURE TO FILE. The failure of the applicant for

[1]Reported in 73 Pac. 1123.

letters of administration to file with his petition an affidavit, stat-
ing the names and residences of the heirs, is not a jurisdictional
defect, since the same section requires the jurisdictional facts to
be stated in the petition, and where this is done and the affidavit
is filed at the time of the hearing the appointment is authorized.

Appeal from an order of the superior court for Skagit
county, Joiner, J., entered May 27, 1902, upon a hearing
of applications for letters of administration.    Affirmed.

*Henry McLean,* appellant (*Thomas Smith,* of counsel),
*pro se.*

*Phillips & Peringer,* for respondent.

ANDERS, J.—This is an appeal from an order of the
superior court in and for Skagit county, appointing Floyd
H. Roller, and refusing to appoint Henry McLean, ad-
ministrator of the estate of Emma Roller, deceased.

Emma Roller died intestate in Skagit county, Washing-
ton, on May 3, 1901, leaving an estate in said county con-
sisting of her interest in the community property, real and
personal, of herself and her husband Edward W. Roller.
On May 15, 1902, Floyd H. Roller, a son of the deceased,
filed his petition for letters of administration upon the es-
tate of the said deceased; and on May 17, 1902, Henry
McLean filed with the clerk of said superior court his
petition for appointment as administrator of said estate.
The application of the said Roller was set for hearing on
May 26, 1902, and on that day he filed his affidavit stat-
ing the names and places of residence of the heirs of the
said decedent, Emma Roller, which he neglected to file
at the time he filed his petition.

On the day last above mentioned, the said McLean filed
in said court the request of Edward W. Roller, the surviv-
ing husband of Emma Roller, that Henry McLean be ap-
pointed administrator of the estate of his deceased wife.

This request was dated November 25, 1901. At the time this request and petitions for letters of administration were filed, Edward W. Roller was confined in the state penitentiary under sentence for a felony committed in Skagit county, and at the time he executed the request for the appointment of McLean, he was under arrest and charged with the commission of said felony. At the time he filed his petition, Mr. McLean also filed his affidavit, correctly stating the names of all the heirs of the deceased, but incorrectly stating the places of residence of two of such heirs.

Both applications were heard at the same time, on May 27, 1902, that of petitioner Roller having been continued by the court to that date. And after considering the evidence and the arguments of counsel for the respective parties, and making and filing its findings of fact and conclusions of law, the court granted the petition of Floyd W. Roller, and accordingly made and entered an order appointing him administrator of said estate. From that order, this appeal is prosecuted. The facts above stated were found by the trial court, and are accepted by both parties as established facts in the cause.

It appears that the principal in the appeal bond, as notary public, took the affidavits of the sureties attached to the bond, and for that reason and on that ground the respondent moves to dismiss the appeal in this cause. In *Spokane & Idaho Lumber Co. v. Loy,* 21 Wash. 501, 58 Pac. 672, one of the sureties in the appeal bond, being a notary public, took the affidavit of the other sureties required by statute, and for that reason it was contended that the bond was insufficient, and that the appeal should be dismissed. In relation to the motion, which was denied, we said:

"The statute (Bal. Code, § 248) provides that 'every duly qualified notary public is authorized in any county

in this state . . . to take depositions and affidavits and administer all oaths required by law to be administered;' and, in our opinion, the notary who took the affidavits of two of his cosureties was not disqualified, under the statute, by any interest he himself had in the bond. The substance of the affidavit of the sureties in such bonds is prescribed by law, and the act of the notary in administering the oath is purely ministerial, and is not affected by his interest therein."

For the reasons stated in the opinion in that case, the motion to dismiss this appeal is denied.

There is no controversy as to the facts in this case, and the sole question for determination is whether the conclusions and order of the court are warranted by the facts above stated.    Our statute provides that

"Application for letters of administration shall be made by petition in writing, signed by the applicant or his attorney, and filed in the superior court, which petition shall set forth the facts essential to giving the court jurisdiction of the case, and such applicant, at the time of making such application, shall make an affidavit, stating, to the best of his knowledge and belief, the names and places of residence of the heirs of the deceased, and that the deceased died without a will."    Bal. Code, § 6142.

The next preceding section provides that

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:   1.  The surviving husband or wife, or such person as he or she may request to have appointed;   .   .   .    Provided, that if the persons so entitled or interested shall neglect for more than forty days after the death of the intestate to present a petition for letters of administration   .   .   .    then the court or judge may appoint any suitable and competent person to administer such estate."

"When a petition praying for letters of administration is filed, the clerk must give notice thereof, by causing notices to be posted in at least three public places in the county, one of which must be at the place where the court is held, containing the name of the decedent, the name of the applicant, and the time at which the application will be heard. Such notice must be given at least ten days before the hearing." Id. § 6144.

No person is qualified, under our law, to act as administrator, who has been convicted of any felony, or of a misdemeanor involving moral turpitude; and, if letters of administration have been issued to any person who is subsequently convicted of either of the said offenses, the court having jurisdiction is required to revoke such letters. Bal. Code, § 6195.

The first point made by appellant is that the court below erred in denying the request of E. W. Roller, the surviving husband of the deceased, to have appellant appointed as administrator of his deceased wife's estate, even if he (Roller) was, at the time of the hearing, himself disqualified to act as administrator, by reason of his having been convicted of a felony. This question has frequently been considered by the supreme court of California, and that court has held under a statute similar to subdivision 1 of § 6141, above quoted, that the surviving husband or wife of a deceased intestate, although incompetent to serve as administrator or administratrix of her or his estate, has power to request, and thereby have appointed, some competent person to act as administrator. *In re Stevenson,* 72 Cal. 164, 13 Pac. 404; *In re Bedell,* 97 Cal. 341, 32 Pac. 323; *Estate of Cotter,* 54 Cal. 215.

In the *Stevenson case, supra,* the court said:

"It clearly appears that this section contains no restriction whatever on the power of the surviving husband or wife first to administer on the estate of the deceased con-

sort, or, failing in that, to request, and thereby have ap-
pointed some competent person as administrator. Section
1369, Code of Civil Procedure [Bal. Code, 6195], renders
a nonresident surviving wife *incompetent to serve* as the
administratrix of her husband's estate, but does not take
away the right given her by section 1365, Code of Civil
Procedure [Bal. Code, 6141], to have letters issued to
some competent person whom she shall have requested to
act as administrator."

As our probate law seems to have been largely bor-
rowed from that of California, and as the provision in
question has been construed by the highest court of that
state, we feel constrained to adopt the construction there
placed upon it. And if we were at liberty to rest the
decision of this cause upon this provision, apart from
and without reference to any other provision of the statute,
we would be inclined to hold that the order appealed from
should be reversed. But as we have seen, subdivision 3
of the section of the statute, which provides that letters
of administration shall be granted to the surviving hus-
band or wife of a person dying intestate, or to such person
as he or she may request to have appointed, further pro-
vides that, if the persons so entitled shall neglect to *pre-
sent* a petition for such letters for more than forty days
after the death of the intestate, the court may appoint any
suitable and competent person to administer the estate
of such intestate. In this case it will be observed that the
petition of Mr. McLean for letters of administration was
not *presented* to the superior court until long after the
expiration of the time designated by the statute, and, at
the time he presented it, the petition of the respondent had
already been filed. The failure of appellant to petition
for letters of administration within the specified time did
not, of course, *disqualify* him to act as administrator, but

it was a waiver of his right to be appointed, and conferred upon the court the discretionary power to appoint the respondent, or any other "suitable and competent person." 11 Am. & Eng. Enc. Law (2d ed.), p. 768, and cases cited; *Ramp v. McDaniel,* 12 Ore. 108, 6 Pac. 456. In the case last cited the court observed:

"The party entitled to precedence could certainly waive the right, and would do so under the statutes of this state, unless the application was made within the time specified."

It appears, therefore, that the order of the superior court granting letters of administration to the respondent was clearly in accordance with law, unless, as appellant contends, the court was without jurisdiction in the premises. That the several superior courts in this state have original jurisdiction of all matters of probate cannot be doubted, for such jurisdiction is conferred upon them by the state constitution. See Const., art. 4, § 6. The court undoubtedly had jurisdiction of both parties to this controversy, for both of them were before it in person and by their respective attorneys, and each of them was asking for an order favorable to himself. And hence the question is whether the facts stated in respondent's petition were sufficient to give the court jurisdiction of this particular case, or, in other words, of the subject-matter involved herein.

It is earnestly insisted by the appellant that the petition of the respondent was insufficient to confer jurisdiction of this case upon the court, for the reason that the respondent failed, at the time he filed his petition in court, to make the affidavit required by § 6142, Bal. Code, supra. Whatever may be the office, function, or design of the affidavit prescribed in said § 6142, it is certain that it was not the intention of the legislature that it must state facts essential to giving the court jurisdiction of the case, for

the very same section of the statute unmistakably pro-
vides that the jurisdictional facts shall be set forth in the
petition. The superior court acquires jurisdiction of a
probate matter when a petition is presented to it by a proper
person (which fact must be shown by the petition) stat-
ing, that the deceased died intestate, leaving property
in this state; that he died in the county where the court
is held, and at the time of his death was a resident thereof,
or had his place of abode therein; or that he died in the
county in which the court is held, leaving estate therein,
and not being a resident of the state; or that he died out
of the state, leaving property in the county where the peti-
tion is presented, and that he was not a resident of the
state at the time of his death, and naming the heirs of the
deceased. See Bal. Code, §§ 6087, 6141. The petition
of the respondent states, that Emma Roller died *intestate*
in Skagit county on the day above mentioned, leaving an
estate therein (which is specifically described, and its
value stated), and that at the time of her death she was
a resident of said county; that the said decedent left sur-
viving her E. W. Roller, her husband, and three children;
viz., the petitioner Floyd H. Roller, aged twenty-one years,
Winnie Campbell, nee Roller, aged nineteen years, and
Lulu Roller, aged sixteen years; that there are no other
heirs at law of said deceased; that petitioner is a proper
person to be appointed administrator of said estate, under
the laws of the state of Washington, said petitioner being
a resident of Skagit county and over twenty-one years of
age; and that no other application has been made for let-
ters of administration upon said estate. The petition was
subscribed and sworn to by the petitioner, and it certainly
gave the court jurisdiction of the case. And having ob-
tained jurisdiction, the court had the power, under the
statute, to appoint any competent and suitable person.

*In re Wilbur's Estate,* 8 Wash. 35, 35 Pac. 407, 40 Am. St. 886. See, also, *In re Sullivan's Estate,* 25 Wash. 430, 439, 65 Pac. 793.

Under the circumstances, the court would have been entirely justified by the statute had it appointed appellant, as it found that he, as well as the respondent, was a suitable and competent person to administer the estate.

We find no error in the record, and the order of the superior court is therefore affirmed.

FULLERTON, C. J., and DUNBAR and MOUNT, JJ., concur.