[No. 18669.   Department One.   June 10, 1924.]

*In the Matter of the Estate of* EDWARD MILLER, SR.[1]

EXECUTORS AND ADMINISTRATORS (11)—RIGHT TO APPOINTMENT—
CREDITORS—JURISDICTION. Under Rem. Comp. Stat., § 1432, anyone
sufficiently interested may apply for an appointment as administra-
tor where it appears that property may be held in trust for the de-
ceased or has been transferred in fraud of creditors of the deceased;
and the court, having acquired jurisdiction, should act on the peti-
tion and make an appointment of some suitable person.

SAME (11)—RIGHT TO APPOINTMENT—CREDITORS — UNLIQUIDATED
CLAIM. One holding a claim for unliquidated damages against the
deceased, is not a "creditor" within the meaning of Rem. Comp. Stat.,
§ 1432, granting the right of administration to a creditor.

Appeal from an order of the superior court for
Pierce county, Clifford, J., entered January 15, 1924,
dismissing a petition for the appointment of an ad-
ministrator, after a hearing before the court.   Re-
versed.

*W. P. McCarty* and *Chas. A. Wallace,* for appellant.
*Walter Christian,* for respondent.

TOLMAN, J.—Appellant filed his petition in the court
below alleging the death of Edward Miller, Sr., in-
testate; that he left estate in Pierce county, Washing-
ton, consisting of certain described real estate, and
approximately 3,000 shares of the capital stock of the
Edward Miller Cornice & Roofing Company, a corpo-
ration, of the approximate value of $150,000, and left
surviving him a widow and three sons, all over the age
of twenty-one years.   The petition further recites:

"That your petitioner is one of the principal credi-
tors of the said deceased in that said deceased, during
his lifetime, held in trust for the use and benefit of
your petitioner, real and personal property of the

[1]Reported in 226 Pac. 493.

value of more than two thousand ($2,000.00) dollars, which said property was by said deceased converted to his own use and benefit, without the knowledge or consent of your petitioner, and your petitioner is therefore entitled to letters of administration of said estate. That the widow of said deceased, who was entitled to letters of administration upon said estate, has failed and neglected to apply for same, and that more than forty days have elapsed since the death of the said deceased.''

Due notice was given, and Edward Miller, Jr., one of the decedent's sons, filed certain objections to the appointment of an administrator, in which it was alleged that the decedent, at the time of his death, was not indebted to the petitioner or to anyone in any amount whatsoever; that he left no property of any kind or nature, and further,

"Without waiving the foregoing objections, but in the event the same are overruled by the court, the said Edward Miller, Jr., protests and objects to the appointment of said Frederick Rohder as administrator of the estate of Edward Miller, Sr., deceased, upon the ground and for the reason that the said Frederick Rohder alleges and claims that the said deceased at the time of his death was indebted to said Rohder, which said claim is denied by the surviving wife and children of said deceased, and for said reasons said Rohder would not be a proper party to administer the said estate.''

These objections were supported by affidavit from which it appears that the real property described in the petition stood in the name of Edward Miller Cornice & Roofing Company, a corporation; that, some months before his death, decedent gave all the stock in that corporation to his wife and sons, and that he had nothing standing in his own name, and owned no property at the time of his death.

The petitioner answered the objections by denials, and by the allegation that if the decedent had con-

veyed any property prior to his death he had done so in fraud of his creditors, and particularly with intent to defraud the petitioner. The matter then came on for hearing, and oral testimony was received, from which it fairly appears that at one time the title to certain real estate had stood in the name of the decedent, and that he had given a certain writing in the following terms:

"Tacoma, Wash., April 1st, 1920.

"I hereby certify that I hold the title to lots 5 and 6, in Block 4219 'Map of New Tacoma, Washington Territory' in trust for W. G. Peters, a ⅓ interest, Frederick Rohder, a ⅓ interest and myself a ⅓ interest to be sold at a price to be agreed upon and the net profits to be divided equally. W. G. Peters is to have the management and control until sold.

"Edward Miller."

The property so described was improved with an apartment house building, and heavily mortgaged, and it further appears from the testimony that Edward Miller, through the corporation which he controlled, made advances in furnishing and caring for the property, paying taxes and interest, etc., in a considerable sum, which it seems to be admitted amounted to at least $2,000; that, in December, 1921, the property described in the instrument just quoted was exchanged for other property, the title to which was taken in the name of the Edward Miller Cornice & Roofing Company, a corporation, this property being subject to a mortgage of $1,500, and title to it is apparently held by the corporation as security for the advances above mentioned, and in trust as to any excess. It seems to be admitted that no settlement was ever made by Edward Miller or the corporation with W. G. Peters or the petitioner in accordance with the written instrument above set forth, or at all, and apparently the atti-

tude of the respondents and the corporation is that no profits have ever been or ever will be realized from the transaction, and that the value of the equity held by the corporation is not more than sufficient to reimburse it for its advances. It further appears from the testimony that, two or three months prior to his death, Edward Miller divided the capital stock theretofore standing in his name in the Edward Miller Cornice & Roofing Company between his wife and his three sons and gave and delivered to each a certain portion, causing the transfer to be made on the books of the corporation; that this stock is worth probably $75,000, or about one-half its par value.

At the close of the testimony, and after argument of counsel, the trial court said:

"I would refuse to appoint Mr. Rohder, his appointment being merely sought so that he may improve his own claim. Neither would I feel like appointing the Miller boys. I think I will not appoint anybody. It seems to me there is some way, by suit, by which you could protect your rights. . . . I think Mr. Rohder has a right to establish his interest but it seems to me it is not necessary to have an administrator; but if so, I will appoint an entire stranger as the administrator and then let him file his claim."

Thereupon the court entered its order denying the prayer of the petition and directing dismissal, from which order this appeal is prosecuted.

The statute, Rem. Comp. Stat., § 1432 [P. C. § 9948], does not limit the right to petition to the persons entitled to letters as set forth in the preceding section, and we have no hesitancy in holding that anyone sufficiently interested may file a petition setting up the necessary facts and thus give the court jurisdiction to act. And where, as here, it appears that property may be held in trust for the deceased, or that property

has been transferred under conditions which would make the transfer voidable by creditors, and that creditors or persons having rights or claims which might develop into making them creditors exist, the court should act, as the only orderly way contemplated by law for the settlement of all such matters is through probate of the estate. All this seems simple and self-evident, but the question remaining is not so easy of solution.

Appellant contends, and with some show of reason and authority, that the court has no discretion in the matter, and that his right, being a statutory one, must be recognized, citing and relying upon *State ex rel. Mann v. Superior Court,* 52 Wash. 149, 100 Pac. 198; *In re Sullivan's Estate,* 25 Wash. 430, 65 Pac. 793; *In re Sutton's Estate,* 31 Wash. 340, 71 Pac. 1012; *McLean v. Roller,* 33 Wash. 166, 73 Pac. 1123, and other like cases. These cases do hold that the right given by the statute, if seasonably asserted, must be recognized. But so far as they deal with the right of a creditor, as the term is used in the statute, they have no bearing on our present problem. The words of the statute "one or more of the principal creditors" imply a choice, and manifestly discretion is vested in the court to exercise such choice; but here no choice is offered, and we must determine whether or not appellant is a creditor within the meaning of the statute. In a broad sense, perhaps, any person having a claim which can be satisfied by the payment of money is a creditor; but one having an unliquidated claim for damages is well recognized in most jurisdictions as differing in a material degree from a contract creditor, or one whose claim is liquidated. Counsel for appellant asserted below, and asserts here, that he is not bound to ratify the sale or disposition of the trust

property and follow the trust fund. No doubt he could pursue that course without administration; but he seems to be asserting a right or claim that there has been a conversion of the trust property, and to demand damages therefor. Such damages are, of course, unliquidated, and we cannot hold that a claim for unliquidated damages constitutes a claimant such a creditor as the statute contemplates. We therefore hold that the petitioner has no preference right to appointment under the statute.

While the petition prays only for the appointment of the petitioner, yet it was sufficient to give the court jurisdiction, and having acquired jurisdiction the court may appoint any suitable person.

The order appealed from is reversed, with directions to the trial court to proceed in an orderly way to ascertain who, in its judgment, is a competent and suitable person to act in the premises, and, after having so determined, to appoint such person as administrator of the estate.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.