[No. 20596.  Department One.  August 29, 1927.]

*In the Matter of the Estate of* WALTER ERICKSON, *Deceased.*

DR. CHARLES O. LINDER, *Appellant,* v. CLYDE JOHNSON, *as Administrator, et al., Respondents.*[1]

[1] EXECUTORS AND ADMINISTRATORS (11)—RIGHT TO APPOINTMENT AS ADMINISTRATOR—CREDITORS.  Under Rem. Comp. Stat., § 1431, a creditor has no absolute right to be appointed administrator of an estate, though a competent and proper person, but the court may in its discretion appoint some other person.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered March 15, 1927, granting letters of administration, after a hearing upon conflicting applications.  Affirmed.

*John H. Roche* and *E. O. Connor,* for appellant.
*Roy A. Redfield,* for respondents.

MAIN, J.—This is a controversy over who shall be appointed administrator with the will annexed of the estate of Walter Erickson, deceased.

[1]Reported in 258 Pac. 857.

Erickson died in Spokane February 25, 1927, leaving no heirs or relatives in the state of Washington or in the United States. Doctor Charles O. Linder of Spokane, as a creditor, applied for and was appointed temporary administrator of the estate. Later, a will was found which devised and bequeathed all the property of the deceased to Nels Olaf Johnson, residing in Sweden, and named John Strandberg of Spokane as executor. Strandberg had died many years before. Doctor Linder then, as principal creditor, filed an amended petition setting forth the discovery of the will and petitioned for his appointment as administrator with the will annexed. A petition was filed by Eric Brattstrom, as Swedish Vice Consul at Seattle, asking the appointment of Clyde Johnson. Upon the hearing, the court entered a judgment appointing Johnson, and Doctor Linder appeals.

[1] The sole question involved is whether the statute (Rem. Comp. Stat., § 1431) [P. C. § 9947], gives the absolute right to Doctor Linder as a creditor to be appointed or reposes in the court a discretion. In *Larson v. Stewart,* 69 Wash. 223, 124 Pac. 382, Ann. Cas. 1914A 1011, it was unequivocally held that a creditor, as such, did not have an absolute right under the statute to be appointed, but that the matter rested in the sound discretion of the court. In this case, it may be said that the trial court recognized that Doctor Linder was a competent and proper person to be appointed and also that Mr. Johnson was a competent and proper person. That court exercised its discretion in favor of the latter. In *McLean v. Roller,* 33 Wash. 166, 73 Pac. 1123, it was held that, where two suitable persons apply for letters of administration and the trial court selects one of them, this court upon appeal will not disturb the holding of that court. In the case of *In re Miller's Estate,* 130 Wash. 199, 226

Pac. 493, the question was whether the applicant was a creditor within the meaning of the statute, and it was held that he was not. The question as to the right of a creditor to be appointed was not involved in that case, and the case of *Larson v. Stewart, supra,* holding as stated, that the matter was discretionary, was not there referred to and it was obviously not the intention to overrule that case.

Whether the meaning of § 1431, *supra,* as to the rights of creditors, has been enlarged by the amendment appearing in ch. 76, Laws of 1927, p. 58, Rem. 1927 Sup., § 1397, is a question not involved in the present action, and no opinion is expressed thereon.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.