Herman Folske, having immigrated to the United States from Germany, acquired a tract of land in Pierce county, which of late years has been used as a golf course. Mr. Folske died many years ago, leaving as his sole heirs at law his brother, Charles Folske, a resident of the United States, and his sister, Matilda Folske Mundt, a resident of Germany, who, upon the death of their brother Herman, became joint owners of the Pierce county land. Mrs. Mundt died in Germany, February 27, 1904, leaving surviving her her husband, August Mundt, and four children, Lena, Martha, Bruno and Hugo Mundt. August Mundt died June 23, 1913, and title to the half interest in the land formerly owned by Mrs. Mundt then vested in her four children above named. Hugo Mundt died during the year 1918, his interest vesting in his brother and sisters, who are the present owners of the Mundt one-half interest in the property.
Charles Folske died, leaving as his sole heir at law his wife, Adelaide Folske, who subsequently intermarried with one C.W. Ransom. Title to the land was *Page 595 
then and is now vested one-half in Adelaide Ransom and the other half in the three Mundt heirs.
April 8, 1930, C.W. Ransom filed in the superior court for Pierce county a petition for letters of administration upon the estates of Matilda and August Mundt, and, at approximately the same time, one Edward Kellner, of Thurston county, an uncle of the Mundt children, appearing by R.H. Lund, his attorney, filed his petition for letters of administration. The two petitions came on for hearing at the same time, and the court, after full investigation, appointed Robert M. Davis, a member of the Pierce county bar, administrator of the estates, and, at the request of Mr. Davis, designated Hugo Metzler as attorney for the administrator.
It was evident that there were some conflicting claims between Mrs. Ransom, on the one hand, and the Mundt heirs, on the other, and, Mr. Davis being associated with the attorney for the Ransoms, and Mr. Metzler having some connection with the proceeding on the part of the Mundt heirs, the court evidently was of the opinion that the interests of both would be safeguarded by the appointments which were made.
During the course of administration, Edward Kellner, a relative of the Mundts, visited Germany and returned with a power of attorney from the heirs, authorizing him to represent them. Later, during the course of administration, Mr. H.W. Lueders appeared in the proceeding as attorney for the Mundt heirs, and has represented them before this court. It having appeared during the course of the probate proceeding that Hugo Mundt was deceased, Mr. Davis, as administrator of the Matilda and August Mundt estates, applied for letters of administration on the estate of Hugo Mundt, which letters were thereafter regularly issued to him, and the administration of the estates *Page 596 
proceeded, the estates of Matilda and August Mundt having been consolidated, and the Hugo Mundt estate being administered separately.
Upon the hearing of the administrator's final account and petition for distribution, the Mundt heirs, appearing by Mr. Lueders, objected, contending that, because more than six years had elapsed between the deaths of the three deceased Mundts and the applications for the appointment of administrators, the court had no jurisdiction to entertain the petitions and erred in making the appointments. Many other objections were also urged against the account and petition.
The trial court approved the account, allowed Mr. Davis, as administrator, two thousand dollars, one thousand of which was compensation for Mr. Davis' attorney, made certain other allowances and distributed the undivided one-half interest in the property to Lena Mundt Kutter, Martha Mundt Gotz and Bruno Mundt. From the order approving the final account and the decree of distribution, which was entered October 7, 1931, the Mundt heirs appeal.
During the course of administration, the trial court allowed A.B. Cunningham, who, on behalf of C.W. Ransom, filed the first petition for the appointment of an administrator herein, an attorney's fee of fifty dollars, together with a docket fee of five dollars; allowed R.H. Lund, as attorney for Edward Kellner in filing the petition for his appointment as administrator, fifty dollars, together with $21.80 disbursements; and later allowed R.H. Lund two hundred fifty dollars attorney's fees for services rendered on behalf of the Mundt heirs in connection with the probate proceeding. Appellants directed their notice of appeal both to the administrator and Mr. Lund, and these parties, as respondents, have appeared separately in this court.
Respondents move to dismiss the appeal, arguing in *Page 597 
support of their motion that some of the orders from which appellants seek to appeal were entered more than thirty days prior to the taking of the appeal, and that appellants have not been diligent in perfecting their appeal.
Among other orders, appellants appealed from the order approving the final account and allowing compensation to the administrator, and from the order allowing two hundred fifty dollars to Mr. Lund, and the appeal from these orders was seasonably taken.
[1] Appellants' proposed statement of facts was not filed in the office of the clerk of the superior court until January 19, 1932, or one hundred four days after the entry of the order appealed from. The filing of the statement of facts within ninety days from the entry of the judgment or order appealed from being jurisdictional, the statement of facts must be stricken. Moss v.Moss, 163 Wn. 444, 1 P.2d 916; Potlatch Lbr. Co. v. FerryCounty, 167 Wn. 491, 9 P.2d 783; Seattle Natl. Bank v.Trefethen, 168 Wn. 173, 11 P.2d 244.
The other matters in connection with which the preparation of the appeal was dilatory not being jurisdictional, the motion to dismiss the appeal is denied.
[2] It is, of course, true that the real estate of a decedent cannot be charged with his debts unless administration be had within six years from the date of death. Rem. Comp. Stat., § 1368. It is also true that the administration of an estate may, under certain circumstances, be dispensed with. In reLambrecht's Estate, 112 Wn. 645, 192 P. 1018. It is equally true, however, that administration of the estate of a decedent may be proper, and indeed necessary, even though the appointment of an administrator is not sought until more than six years after the date of death. Very often, the matter of heirship can be *Page 598 
determined only by judicial inquiry, and such an inquiry may properly be had through the medium of a proceeding by way of administration.
Without considering the question of whether or not appellants' appeal brings before us for review the appointment of Mr. Davis as administrator of the Mundt estates, we are of the opinion that such an appointment was within the jurisdiction of the superior court, and that, under the circumstances disclosed by the record, the appointment was entirely proper. In re Miller's Estate,130 Wn. 199, 226 P. 493.
Upon the record before us, we find no error available to appellants in connection with the allowances made by the trial court to Messrs. Cunningham and Lund in connection with the initiation of the probate proceeding. Neither do we find any error of which appellants can avail themselves in the allowances for appraisers' fees made by the trial court.
[3] Appellants earnestly contend that the allowance to the administrator and his attorney in the sum of two thousand dollars was improper and excessive. The superior court in appointing Mr. Davis as administrator having been acting within its jurisdiction, and proceeding in all respects in accordance with law, the court did not err in allowing him compensation for his services. The real property belonging to the estates was appraised at approximately eighteen thousand dollars. Bearing in mind the value of the estate, and in consideration of the amount and nature of the services performed, we hold that an allowance to the administrator in the sum of one thousand dollars, as compensation for his services, was reasonable.
In this connection appellants contend that, as the administrator is himself an attorney, he should receive no allowance as compensation for his counsel, but an examination of the record before us satisfies us that *Page 599 
the services rendered by the administrator herein were of such a nature that the employment of counsel to advise him and attend to different procedural and other matters incidental to the administration, was entirely proper. This case does not fall within the rule laid down in the case of Noble v. Whitten,38 Wn. 262, 80 P. 451. The allowance to the administrator in the sum of one thousand dollars, for compensation to his attorney, was, in view of the value of the estate and the nature and extent of the services rendered, reasonable.
[4] At the time of the appointment of the administrator, the property of the estates was under lease and was used by the lessee as a golf course. The existing lease contained a provision for renewal, and the lessee took steps to avail itself of this privilege. After considerable negotiation, the lease was renewed by the administrator, and appellants assign error upon the action of the trial court in approving the act of the administrator in extending the lease. In this connection, it appears to be admitted that Mr. Kellner, as attorney in fact of appellants, joined in the extension agreement. We are satisfied that the trial court did not err in this particular, and that the action taken by the administrator was in all respects regular.
[5] Finally, appellants complain of the order of the trial court allowing R.H. Lund two hundred fifty dollars for services rendered to appellants as heirs, and in making the allowance a lien against the property of the estate. The order allowing Mr. Lund's claim is in the record, and from this order it clearly appears that the services rendered by Mr. Lund were rendered to appellants as heirs. The order recites that the services were rendered under a contract between Mr. Lund and Edward Kellner "in reference to the probating of *Page 600 
the above entitled estates and the services in connection therewith."
It does not appear that it was agreed between Mr. Lund and appellants that his fee should be made a lien against appellants' interest in the estates. While it appears that Mr. Lund's services were undoubtedly valuable to appellants, from the record before us we are constrained to hold that the court erred in allowing Mr. Lund two hundred fifty dollars out of the estates and in making the allowance a lien upon the property thereof.
The order and decree approving the administrator's final account and distributing the estates is in all things affirmed. The order allowing two hundred fifty dollars to R.H. Lund is reversed, and on remand will be vacated without prejudice to the rights of Mr. Lund to enforce his claim in some other manner. No costs will be taxed either in favor of appellants or of Mr. Lund. Respondent administrator will be allowed his costs.
TOLMAN, C.J., HOLCOMB, and MAIN, JJ., concur.