[No. 26969. Department Two. May 31, 1938.]

*In the Matter of the Estate of* IDA M. PATRICK,
*Deceased.*

JOE FINCK, *as Administrator, et al., Appellants,* v.
DOROTHY FREDDEN, *Respondent.*[1]

*George H. Freese,* for appellants.

*W. O. Miller,* for respondent.

ROBINSON, J.—Ida M. Patrick, a resident of Oregon, died July 26, 1929, devising all her estate, with the exception of seven one dollar legacies, to Dorothy May Fredden, of Kelso, Washington, an adopted daughter, and nominating her and Omar Fendall executors. The will was admitted to probate in Washington county, Oregon, July 31, 1929, and Fendall qualified as executor.

[1]Reported in 79 P. (2d) 969.

On March 10, 1937, Nettie M. Smith filed a petition in the superior court of Adams county, Washington, alleging that she was a creditor of the deceased; that deceased left certain real property in that county and an unliquidated claim against Dorothy Fredden on account of income from the property, collected by her since decedent's death; that Dorothy Fredden had never qualified as executrix; that petitioner had presented her claim to Omar Fendall, the Oregon executor, and that it was allowed, but no part of it paid, except some small items of interest; and that petitioner prayed that letters of administration with the will annexed be issued to Joe Finck, of Adams county, Washington. The petitioner filed an authenticated copy of the will and of the Oregon decree admitting it to probate.

On March 24, 1937, an order was entered admitting the will to probate and appointing Joe Finck administrator with the will annexed. On April 10th, Nettie M. Smith filed her claim for $1,485, based upon a promissory note executed by Ida M. Patrick June 7, 1921, payable to L. Rorden one year after date. The claim recites that interest prior to 1930 was fully paid and itemizes the following interest credits: March 15, 1930, $5.00; March, 1930, $10; March, 1936, $80. It will be noted that all of these payments are subsequent to the death of Mrs. Patrick, the maker of the note, and therefore could not have been personally made by her.

On April 1, 1937, an inventory and appraisement was filed, in which the real estate was appraised at $4,200, and the alleged claim against Dorothy Fredden, the only alleged personal property item listed, at "no value." On April 27th, Finck, as administrator, petitioned to sell a portion of the real estate to pay the claim of Nettie B. Smith and the costs of administration. An order of sale was entered on April 28th, and

notice of sale, to be held on May 15th, regularly published. Notices of hearing of report of sale on May 26th were duly posted.

On May 26th, Dorothy Fredden, having in some manner learned of the proceedings, made a special appearance in the matter, objecting to the sale and moving to quash all proceedings on the ground that more than six years had elapsed after the death of Ida M. Patrick and before the proceedings were instituted; and upon the further ground that the claim, used as a basis for the appointment of the administrator with the will annexed, was of no validity, it appearing on the face thereof that collection of the obligation, if there had been any obligation, was barred by the statute of limitations. To this motion, the administrator demurred.

On September 2nd, the trial court overruled the demurrer and entered an order granting the motion to quash all of the proceedings, except that portion of the decree of March 24, 1937, admitting the will to probate. All orders issued subsequent to March 24, 1937, were specifically annulled. From the order of September 2nd, the petitioner Nettie M. Smith and Joe Finck have appealed.

The action of the trial court must be sustained. The judge who had previously heard the matter had jurisdiction to admit the will to probate as a foreign will, under Rem. Rev. Stat., §§ 1371 and 1392 [P. C. §§ 9929, 10044], but the petition showed upon its face that the property therein referred to was no longer subject to administration. The only property of the deceased concerning which administration was sought was described in the petition by the following allegations:

"That the decedent left the following real and personal property in Adams county, state of Washington:

"Real Property

"The Northeast quarter of Section 10 - 20 - 32 the South west quarter of Section 3 - 20 - 32 and Lot 3 and the northeast half of lot 4 in block 62 of Greene and Prouty's second addition to Ritzville.

"Personal Property

"An unliquidated claim against Dorothy Fredden, one of the above named heirs, for and on account of the income from the above described property collected by her since decedent's death."

It should have been apparent to the court, on examining the petition and the will, that the item last above described as personal property was never the property of the testatrix, but was merely the rents, issues, and profits of the real property accumulating after Mrs. Patrick's death; and that the real property and the right to the rents, issues, and profits thereof vested in Dorothy Fredden, at the instant of the death of Mrs. Patrick. Rem. Rev. Stat., § 1366 [P. C. § 9863].

It should have been further apparent that such real property, together with the rents, issues, and profits thereof, was no longer subject to the debts of Ida M. Patrick, since she had been dead for more than six years when the petition was filed, to-wit, for more than seven and one-half years.

"No real estate of a deceased person shall be liable for his debts unless letters testamentary or of administration be granted within six years from the date of the death of such decedent: . . ." Rem. Rev. Stat., § 1368 [P. C. § 9865].

The court had no more right to take jurisdiction of and administer the property described in the petition than it would have had to seize and administer the adjoining property of Smith or Jones.

See *In re Smith's Estate*, 25 Wash. 539, 66 Pac. 93; *Gleason v. Hawkins*, 32 Wash. 464, 73 Pac. 533; and *Murphy v. Murphy*, 42 Wash. 142, 84 Pac. 646, in which

an appointment of an administrator was revoked for the sole purpose of ending a futile and unnecessary administration. See, also, *State ex rel. Speckart v. Superior Court,* 48 Wash. 141, 92 Pac. 942; *In re Mason's Estate,* 95 Wash. 564, 164 Pac. 205; *In re Peterson's Estate,* 137 Wash. 137, 241 Pac. 964; *In re Mundts' Estates,* 169 Wash. 593, 14 P. (2d) 59.

It is contended, however, that the above conclusion does not follow, because letters testamentary were issued in Oregon shortly after Mrs. Patrick's death. But we think the language of § 1368, "unless letters testamentary or of administration be granted within six years," undoubtedly refers to letters which would authorize the holder to administer upon the real estate involved; that is to say, letters issued in this state. Letters issued in Oregon could have no possible relation to real property in this state. If the statute were construed to refer to letters issued in other states, lands in this state would, under certain circumstances, remain liable for the debts of their deceased former owners for an indefinite period, and titles could not be determined in such cases without searching the probate records of the various counties of sister states.

In our opinion, the power of the court in acting upon the petition in this matter did not extend beyond the admission of the will to probate. It did not appear in the petition that there was any subject matter to which the subsequent orders were appropriate or to which they could lawfully attach.

The order appealed from is accordingly affirmed.

STEINERT, C. J., BEALS, MILLARD, and BLAKE, JJ., concur.